485 A.2d 490

**COMMONWEALTH of Pennsylvania**

v.

**Tony WEST, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed Dec. 5, 1984.

182

James S. Bruno, Norristown, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

HESTER, Judge:

At 2:00 a.m. on October 22, 1981, appellant attacked and was in the process of robbing a 93-year old shopkeeper in the City of Philadelphia. Fortunately the police arrived during the struggle. They had been summoned by a disinterested individual who witnessed the attack while standing outside the victim's place of business. Appellant was charged with burglary, criminal trespass, simple and aggravated assault and recklessly endangering another person. The matter was called for trial March 24, 1982. He entered a plea of guilty to robbery with the understanding that the sentence would not exceed 7 to 20 years.

Appellant had an extensive prior criminal record. On July 28, 1977 he pled guilty to simple assault and robbery. He was sentenced to 23 months and 5 years probation. On July 22, 1980 he was convicted of robbery and sentenced to

11½ months to 23 months and 5 years consecutive probation. On August 6, 1981 he was convicted of robbery, criminal conspiracy and recklessly endangering another person. He was sentenced to 11 to 23 months and 3 years probation. He was serving three probationary sentences when he engaged in the October 22, 1981 robbery.

The within appeal is from appellant's fourth robbery conviction. The plea colloquy was conducted on March 22, 1981; it was thorough, detailed and complete. It covered 17 pages of testimony. Appellant was represented by private counsel. During plea negotiations, appellant was advised that the court would impose a sentence of from 7 to 20 years, but in the event the court, following an examination of the pre-sentence report, decided to impose a greater sentence, appellant would be permitted to withdraw his plea. Appellant agreed to this, with the understanding that he would not be sentenced to anymore than 7 to 20 years. In addition to the requirements of a guilty plea colloquy, appellant was advised that the plea would be a violation of one or more probations or parole imposed by Judges Wallace, Goodheart and Richette. The record disclosed the following:

THE COURT: I believe that the plea will be a violation of one or more probations; is that correct?

MR. BARBIERE: Probations or paroles, Your Honor.

BY THE COURT:

Question: I understand you are on either probation or parole, either by sentence imposed by Judge Goodheart, by Judge Wallace and perhaps by Judge Richette. Do you understand that this guilty plea will be a violation of any or all of those probations or paroles?

Answer: Yes sir.

Question: Do you understand that?

Answer: Yes sir.

Question: You would probably be required to go back to each one of the judges whose probation you violated; you do understand that?

Answer: Yes, sir.

(N.T. pp. 9 and 10). An examination of the colloquy leaves no doubt that appellant's plea was voluntary, knowing, calculated and intelligent. The terms of the plea were clear; there was no ambiguity. Appellant was well aware he was agreeing to a sentence from 7 to 20 years. In the event the court decided to impose a greater sentence, he would have the option of withdrawing his plea.

An examination of the notes of testimony at the sentencing hearing on August 11, 1982 reveals that appellant did not withdraw his plea prior to the imposition of the sentence.

Appellant's counsel stated prior to sentencing:

If I may, Mr. West, I understand he's doing back time from probation violations. He has received a total of seven and a half to fifteen years, and he has indicated to me today that if he receives anymore time from Your Honor, he would like to withdraw his plea.

(N.T. p. 2). He was then reminded by the court that during the plea colloquy he had been advised of the possible violation of probation or parole.

Appellant then issued an ultimatum to the court, in effect, that unless the 7 to 20 year sentence was to be concurrent to the sentences of 7½ to 15 imposed for parole violations, *he would then* withdraw his plea.

THE COURT: Is there anything you want to say to me?

You're telling me that if I sentence you, you're going to withdraw your plea? Is that what you're telling me?

THE DEFENDANT: I'm saying I don't think that time that I should get should be run consecutive from the time that I got. That would be total of 14 years or more that I have to do.

THE COURT: No, I'm going to sentence you for this and if you get additional time because of violations, you will probably have to serve that before you will serve mine.

I'm not going to make anything concurrent. I'm telling you right now I'm not going to make anything concurrent

with any sentence that will be given to you because of violations.

(N.T., p. 4). The court then imposed a sentence, in accordance with the agreement, of from 7 to 20 years.

Up to this point, appellant or his counsel made no request, oral or written, to withdraw appellant's plea. What did transpire was that an ultimatum was issued by appellant, and counsel, to the effect that unless the 7 to 20 year sentence was made to run concurrent with the parole violation sentences, appellant would then attempt to withdraw his plea. The court accepted the ultimatum, imposed the sentence that had been agreed to, and then, for the first time, counsel advised the court that appellant desired to file a motion to withdraw the plea (N.T. p. 6).

A review of the record leads us to conclude that this should be considered as a motion to withdraw a plea subsequent to the imposition of sentence. Sentence was imposed August 11, 1982; the petition to withdraw the plea was filed August 26, 1982.

■ When considering a petition to withdraw a guilty plea *after sentencing,* it is well established that "a showing of prejudice on the order of manifest injustice" is required before withdrawal is properly justified. *Commonwealth v. Starr,* 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence-testing device. *Starr, supra,* 450 Pa. at 489, 301 A.2d at 594.

■ It is axiomatic that a disappointed expectation regarding a sentence does not constitute grounds for withdrawing a guilty plea. *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Starr, supra.* Upon entry of a guilty plea, all challenges to the plea are waived except challenges to voluntariness and to the jurisdiction of the court. Allegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis of relief only if ineffectiveness caused an involuntary or unk-

nowing plea. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), cert. den. 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Fultz*, 316 Pa.Super. 260, 462 A.2d 1340 (1983). Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976). The burden of proof in a P.C.H.A. hearing is upon the petitioner. *Commonwealth v. McCloud*, 312 Pa.Super. 29, 458 A.2d 219 (1983).

As Justice McDermott succinctly stated in *Commonwealth v. Anthony*, 504 Pa. 551, 558–559, 475 A.2d 1303, 1307 (1984):

A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent. The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

and

A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. If a defendant voluntarily, knowingly, and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgement is independent of the procedures of proving or refuting them. How they would be proved, what burdens accompany their proof, what privileges exist to avoid their proof, what safeguards exist to determine their accuracy, and under what rules they would be determined, by whom and how, are irrelevant. The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is not there to gauge the likelihood of their proof, nor to weigh them

in the light of the available procedures for their proof. He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence. The requirements of Rule 319 do not mandate any specific language. As we held in [*Commonwealth v.*] *Carson*, [503 Pa. 369, 469 A.2d 599 (1973)], *supra*, all that is required is that the defendant understand, have knowledge of the nature of the offense in as plain a fashion as possible, and the court be satisfied that the defendant understands and is willing to act on his understanding.

■ Appellant has not demonstrated any showing of "manifest injustice", in fact, he received the exact sentence he bargained for.

■ Appellant alleges that he was not aware of the possibility that a consecutive sentence would be imposed for probation violations; therefore, his plea was not knowingly or understandingly entered. The sentencing judge, during the sentencing colloquy, specifically pointed out to appellant that his plea was in violation of the three existing sentences of probation or parole, and further, that appellant would be required to return to each of the judges whose probation appellant had violated (N.T. p. 9 and 10). This was appellant's fourth conviction for robbery. He was well aware when he entered his plea he would soon thereafter be charged and possibly sentenced for parole violations resulting from his three prior robbery convictions. The totality of the circumstances dictate that appellant, experienced in the subject matter of sentence, was aware of the probability that he would receive substantial sentences for his parole violations. Neither appellant nor his private counsel mentioned the matter of consecutive or concurrent sentences during the extensive, detailed colloquy. This we deem, in view of the totality of the circumstances, to have been voluntary.

Appellant never, and does not now, deny his guilt. He was apprehended in the act of robbing his victim. The plea

arraignment, in view of his record, was favorable, extending to appellant the opportunity to withdraw the plea in the event the judge decided to impose a sentence greater than from 7 to 20 years. Appellant received the exact sentence for which he bargained. That sentence should not be disturbed.

Judgment of sentence affirmed.