528 A.2d 1364

**COMMONWEALTH of Pennsylvania**

**v.**

**Michael MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1987.

Filed July 13, 1987.

66

68

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered November 20, 1986 after appellant pled guilty to three counts of robbery.[1] Appellant was sentenced to five (5) to ten (10) years imprisonment, pursuant to the mandatory provisions of 42 Pa.C.S. § 9712, Sentences for offenses committed with firearms. Appellant then filed a motion to modify sentence which was denied by the court below. This *in forma pauperis* appeal followed.

Appellant now contends his guilty plea was involuntarily entered as a result of a defective plea colloquy which failed to inform him of possible sentences and did not establish his understanding of the charges against him. However, appellant, while represented by counsel, did not file a petition to withdraw the guilty plea either prior to or subsequent to sentencing. Appellant claims the issue of the voluntariness of his plea has not been waived as counsel was ineffective for "not ensuring a knowing and understanding plea" and for not filing a petition to withdraw the guilty plea. (Appellant's brief at 11.)

---

1. 18 Pa.C.S. § 3701(a)(1)(ii)

 After an accused enters a guilty plea, only the voluntariness of the plea, the legality of the sentence imposed and the competency of counsel may be challenged on appeal. *Commonwealth v. Moore,* 321 Pa.Super. 442, 468 A.2d 791 (1983). "Ordinarily, a party on appeal who seeks to challenge a guilty plea must first have filed a motion to withdraw the plea in the court where it was entered." *Commonwealth v. Weiss,* 289 Pa.Super. 1, 4, 432 A.2d 1020, 1021 (1981). However, "the failure to file a petition to withdraw an unlawfully induced plea does not result in a waiver where such failure is due to ineffectiveness of counsel." *Commonwealth v. Faust,* 324 Pa.Super. 492, 497, 471 A.2d 1263, 1266 (1984). A claim of ineffectiveness is an extraordinary circumstance which prevents waiver of claims. *Commonwealth v. Cofield,* 310 Pa.Super. 356, 456 A.2d 650 (1983). Here, appellant's claim that counsel failed to file a motion to withdraw is a sufficient allegation of ineffectiveness to prevent waiver. Also, effectiveness of prior counsel is being raised at the earliest stage in the proceedings at which the counsel whose ineffectiveness, is being challenged no longer represents appellant. *Commonwealth v. Broadwater,* 330 Pa.Super. 234, 479 A.2d 526 (1984).

"Allegations of ineffectiveness in connection with a guilty plea will provide a basis of relief only if ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Owens,* 321 Pa.Super. 122, 130, 467 A.2d 1159, 1163 (1983). In determining whether counsel rendered effective assistance we must first "ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the interests of his client." *Commonwealth v. Buehl,* 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986).

We find the underlying issue of involuntariness of the plea has no arguable merit, and thus counsel cannot be

deemed ineffective for failure to pursue a motion to withdraw the plea.

We turn first to appellant's contention that counsel should have contested the guilty plea as the plea colloquy did not establish that appellant understood the nature of the charges against him. Prior to the guilty plea colloquy, appellant signed a seven-page, forty three item, "Guilty Plea Explanation of Defendants' Rights" form. The in-court colloquy then proceeded as follows:

> The Court: Sir, did your counsel go over and explain this form to you and what is contained therein?
>
> The Defendant: Yes, Sir.
>
> The Court: Do you understand what she has explained to you?
>
> The Defendant: Yes, sir.
>
> The Court: Knowing your rights and understanding them, are you waiving them and entering a plea of guilty to these charges?
>
> The Defendant: Yes, sir.

(Guilty Plea Colloquy, 8/1/86, p. 2.)

At that time, the prosecuting attorney presented a factual summary of the incident giving rise to these charges, which involved appellant and three others robbing three university students as they walked in the Oakland section of Pittsburgh at 1:00 a.m.[2]

2. THE COURT: All right. Go ahead, Mr. Jackson.

THE COMMONWEALTH: Prepared to testify if this case were to go to trial are Pittsburgh police officers Mickey Stack, Rich Spaith, Lillian Roberts, Karen Deitrich and Officer Garlicky, as well as criminalist Robert Levine and civilian witnesses William Duffy, Brooks Campbell and Donna Charles.

They would testify to the following facts: That on November 17th of last year at approximately 1:04 in the morning three Pitt students—Duffy, Campbell and Charles—one man and two women—were walking across Fifth Avenue—corner of Fifth Avenue and Darrough when they were approached by a young black male who asked them for a dollar. He asked Duffy. He said no.

The three of them continued across the street, across Fifth down to McKee Place. At that point four young black males approached them—one being the defendant—one other young black male. He

■ We do not find the lack of an on-the-record step by step recitation of the charges against him to be fatal to appellant's guilty plea colloquy. Whether notice of the charges against a defendant is adequate "may be deter-

had a gun to them, asked for money. The defendant held out a pellet gun while this was all going on.

The man, Mr. Duffy, said he didn't have money but did end up giving them a five dollar bill and three ones. They asked Brooks Campbell if she had any money. She gave them a gold watch. They asked Donna Charles for money, and she gave them a five dollar bill.

At this point they fled back towards Fifth Avenue. The three students continued the block or two to the police station in that area, reported the robbery, described the four assailants.

Several minutes after this Officer Stack and Officer Spaith see the four black males coming up Darrough Street. They see a group a young females go back. The males appear to see the marked car and start running through a parking lot. The two police officers give chase.

They see a young man with the defendant throw a gun into the bushes. They catch that young man who turned out to be a juvenile, Steven Galightly. He was arrested at that time.

The defendant continued running up Darrough Street. They put it over the radio, describing the defendant and his direction of flight. Officers Roberts and Deitrich see the defendant run into a parking garage about a block away, hide behind a cement pillar in the garage.

They go over and hold him. The victims are brought up and identify him as the man with the pellet gun. That is the defendant standing here.

Found on his person were three one dollar bills, a five dollar bill and a gold watch which is identified by Brooks Campbell as being her watch. The defendant is taken to the police station at which time he gives a statement to the police that he did plan the robbery with three other youths; one of them being Galightly. Galightly had a gun, the defendant had a pellet gun.

The Commonwealth would rest on those facts.

THE COURT: All right. Miss Novak, do you with any witnesses to be called?

MISS NOVAK: None, your Honor.

THE COURT: Do you with to offer any testimony?

MISS NOVAK: No, your Honor.

THE COURT: Pre-sentence?

MISS NOVAK: Yes, your Honor. And at that time we would like to have a hearing on the gun.

THE COMMONWEALTH: I will put on record the Commonwealth will be proceeding at sentencing under the five-year mandatory act.

THE COURT: What do you mean you want a hearing on the gun?

MISS NOVAK: Whether or not it applies—whether or not it was operable at that time, as to whether or not it would fire within the statute. That's what the D.A. and I were talking about beforehand.

But at the time of sentence—

THE COURT: At the time of sentencing, all right.

mined from the totality of the circumstances attendant upon the plea...." *Commonwealth v. Martinez,* 499 Pa. 417, 420, 453 A.2d 940, 942 (1982). Reviewing all the circumstances surrounding the entry of appellant's plea, we must conclude he was adequately informed of the charges against him. Appellant does not claim he did not understand the nature of the charges, but rather, that the court failed "to make inquiry of the defendant that the plea is ... understandingly entered." (Appellant's brief at 7).

■■■ Appellant's claim that the colloquy did not reflect appellant's awareness of his possible sentence is also belied by the record. Question 23 of the written colloquy asks:

23. Have you discussed with your attorney or are you aware of the permissible range of sentences and/or fines that can be imposed for the offense charged?

Appellant answered "yes" directly after this question and further, initialed the bottom of the page. During the plea colloquy, appellant again asserted he understood what was contained in the form he had signed. (Guilty Plea Colloquy, 8/1/86, p. 2.) Also, the Commonwealth stated on record during the colloquy that a mandatory five-year sentence was being sought. (Guilty Plea Colloquy, 8/1/86, p. 5.) A discussion was held at that time on record between the prosecutor and appellant's counsel concerning the deferral of sentencing until an investigation and hearing on the applicability of the mandatory sentence. In his brief, appellant alleges the colloquy was defective because rather than the court conducting it, it was left to defense counsel. There was no objection made to the court in a timely fashion as to the use of the preprinted form and review of the colloquy by counsel with the defendant. Nor was there any request on the record that the colloquy be presented on the record by the judge pursuant to Pa.R.Crim.P. 319. The court was, therefore, provided with no opportunity to pass on the validity of the procedure prior to acceptance of the guilty plea.

■■■ The court did satisfy itself that the defendant understood the nature of the plea and his rights and that

counsel had adequately covered these matters with him. Counsel stood by while the court questioned the appellant about his knowledge and by silence, indicated the accuracy of appellant's response. We note from the presentence report attached to appellant's brief that while he only reached the ninth grade in his formal schooling, he did achieve a G.E.D. diploma in 1984 indicating that his competence to participate in and understand the procedure may be presumed. The per se nature of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), reflected in the comment to Pa.R.Crim.P. 319 requiring an on-the-record colloquy to be conducted by the judge, has given way to a more practical approach in later cases. *See e.g., Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). The requirement, that the colloquy be conducted by the judge on the record, is met by having the trial judge question the defendant, on the record, about his participation in and review of the written colloquy form, which consists of seven pages and forty-three questions (initialed by the defendant) and signed at the end thereof.[3] The test of an adequate colloquy covering the mandatory six factors, as outlined in the comment to Pa.R.Crim.P. 319, is as follows:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

**3.** The comment to Rule 319 states:
 In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination.

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Inquiry into the above six areas is mandatory during a guilty plea colloquy, under *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976).

█ The six requirements having been met in this case, and in light of the foregoing discussion, we find appellant's guilty plea was voluntarily entered and that trial counsel did not err by failing to file a motion to withdraw appellant's guilty plea as it would have been fruitless.

Accordingly, judgment of sentence is affirmed.

Judgment of sentence affirmed.