564 A.2d 479

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Pedro TERREFORTE, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1989.

Filed July 26, 1989.

Reargument Denied Oct. 10, 1989.

---

454

Irene H. Cotton, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before POPOVICH, JOHNSON and WATKINS, JJ.

POPOVICH, Judge:

This consolidated appeal stems from appellant's Post Conviction Hearing Act[1] petition to withdraw his guilty plea.

---

1. 42 Pa.C.S.A. §§ 9541–9551 (Purdon 1982), *amended by* 42 Pa.C.S. §§ 9541–9546.

On December 12, 1983, Pedro Terreforte entered a plea of guilty to rape, 18 Pa.C.S.A. § 3121, involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, and possession of an instrument of crime, 18 Pa.C.S.A. § 907(a).[2] However, appellant, at his guilty plea colloquy, expressly reserved the right to raise on appeal a speedy trial issue, Pa.R.Crim.P. Rule 1100. When ruling upon appellant's PCHA petition, the lower court denied his petition to withdraw his plea. However, the court granted appellant the right to appeal the Rule 1100 issue *nunc pro tunc*. Consequently, we have before us a consolidated appeal: 1) from the denial of the PCHA petition to withdraw a guilty plea, at 2774 Phil.1988; and 2) from the judgment of sentence alleging a Rule 1100 violation, at 2775 Phil.1988. For the following reasons, we grant appellant's petition to withdraw his guilty plea and remand for a new trial. Consequently, we quash appellant's appeal *nunc pro tunc* of the Rule 1100 issue.

After engaging in a lengthy colloquy during which appellant was informed of the consequences of his guilty plea, the trial court informed him that his right to raise the Rule 1100 issue on appeal would be preserved. See Guilty Plea Colloquy, pp. 17, 34–35. The trial court then accepted his plea, deferred sentencing pending a psychiatric evaluation and informed appellant of his right to petition for withdrawal of his plea prior to sentencing. Guilty Plea Colloquy, p. 36.

Post-plea motions alleging trial court error in granting the Commonwealth's Rule 1100 extensions were filed. On September 25, 1984, after denying the motion, the trial court sentenced appellant to a term of incarceration totalling twelve and one-half to twenty-five years. On October 5, 1984, appellant filed a post-sentencing motion to withdraw his guilty plea, but said motion was denied. On October 11, 1984, appellant filed a petition for reconsidera-

---

**2.** For the rape charge, appellant was sentenced to seven and one-half to fifteen years imprisonment. For the involuntary deviate sexual intercourse charge, appellant was sentenced to five to ten years imprisonment to run consecutively with the rape sentence. The sentence for possession of an instrument of crime was suspended.

tion and/or modification of sentence. However, this petition was also denied. Appellant did not appeal.

On April 29, 1986, appellant filed a *pro se* petition under the Post Conviction Hearing Act. Almost one year later, on April 28, 1987, new counsel was appointed, and appellant filed an amended PCHA petition requesting: 1) a complete discharge due to a Rule 1100 violation; 2) resentencing; 3) the right to appeal *nunc pro tunc* since counsel was ineffective by failing to file a direct appeal; and 4) permission to withdraw his plea since it was unlawfully induced by the ineffectiveness of counsel aided by court error. Following an evidentiary hearing, the PCHA court determined that appellant entered his plea knowingly and voluntarily. However, the PCHA court found that appellant's plea was entered with the reservation that his right to direct appeal of the Rule 1100 issue would be preserved. Thus, the PCHA court denied appellant permission to withdraw his guilty plea and granted permission to appeal the Rule 1100 issue *nunc pro tunc.* This consolidated appeal followed.

On appeal, appellant contends that he should be permitted to withdraw his guilty plea since it was not entered knowingly and voluntarily. Specifically, appellant argues that when he entered his plea, he was misinformed by the court that the Rule 1100 issue would survive his plea and establish grounds for appeal. Therefore, he could not have entered a voluntary plea since he relied on the erroneous statements of the trial court. Additionally, appellant argues counsel was ineffective since counsel incorrectly advised him that conditional pleas are accepted in Pennsylvania, and appellant entered his plea in reliance on that advice. Upon review, we agree with appellant, grant his petition to withdraw his guilty plea and remand for a trial.

 When reviewing a request to withdraw a guilty plea after sentence has been entered, we must determine whether there has been a showing of prejudice which results in a manifest injustice to the defendant. *Commonwealth v. Vance,* 376 Pa.Super. 493, 498, 546 A.2d 632, 635 (1988); *Commonwealth v. Middleton,* 504 Pa. 352, 473 A.2d

1358 (1984); *Commonwealth v. West*, 336 Pa.Super. 180, 485 A.2d 490 (1984). If a defendant seeks to withdraw his plea after sentencing, then he must carry the substantial burden of demonstrating manifest injustice in order to prevent the use of plea withdrawal merely as a sentence testing device. *Vance*, 546 A.2d at 635; *Commonwealth v. Shaffer*, 498 Pa. 342, 345, 446 A.2d 591, 593 (1982). Under the manifest injustice standard, the petitioner must show that his plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 520, 531 A.2d 796, 798 (1987); *Shaffer, supra.*

Rule 319 of the Pennsylvania Rules of Criminal Procedure requires that a court conduct an on-the-record colloquy to determine whether the guilty pleas is entered in a knowing and voluntary manner. The test of an adequate colloquy comprises of six factors which are outlined in the comment to Rule 319, as follows:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such an agreement?

Inquiry into those factors is mandatory during the plea colloquy. *Glaze*, 531 A.2d at 798–799; *Commonwealth v. Moore*, 365 Pa.Super. 65, 72, 528 A.2d 1364, 1368 (1987); *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977).

Instantly, the PCHA court found that the lower court inquired into all six factors. However, such an inquiry is inapposite presently since appellant's guilty plea, a conditional plea which attempted to preserve a nonjurisdic-

tional issue, was facially invalid. In Pennsylvania, it is axiomatic that, after a defendant enters a guilty plea, only the voluntariness of the plea, the legality of the sentence, the jurisdiction of the court and the competency of counsel may be challenged on appeal. *Commonwealth v. Montgomery,* 485 Pa. 110, 113, 401 A.2d 318, 319 (1979); *Moore,* 528 A.2d at 1367; *Commonwealth v. Thomas,* 351 Pa.Super. 423, 425, 506 A.2d 420, 422 (1986); *Commonwealth v. Khorey,* 347 Pa.Super. 171, 173, 500 A.2d 462, 463 (1985) (*en banc*); *Commonwealth v. Moore,* 321 Pa.Super. 442, 468 A.2d 791 (1983). Non-waivable jurisdictional defects include only those which undermine a court's subject matter jurisdiction. *Thomas,* 506 A.2d at 422; *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). Undoubtedly, Rule 1100 issues are not non-waivable jurisdictional issues. See *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972); *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988) (Rule 1100 is a "procedural technicality"). The fact that a trial court accepts a defendant's conditional guilty plea does not validate an otherwise illegal plea. *Thomas,* 506 A.2d at 424.

The lower court's colloquy is replete with inconsistency. During the seemingly text-book colloquy, the court specifically stated, "So those are your three very limited grounds [for appeal], voluntariness of your plea, the jurisdiction of this Court, whether or not you receive a legal and proper sentence; do you understand that?", to which appellant answered affirmatively. Guilty Plea Colloquy, p. 17. However, with his next breath, the judge stated, "Okay. And you will have an opportunity to litigate that matter [Rule 1100 rights] on appeal if you so desire." Guilty Plea Colloquy, p. 18. In accepting the plea, the court stated, "All right, the Court will accept the plea of guilty. You may arraign the defendant. You are entering this guilty plea with the right to still litigate your eleven-hundred." Guilty Plea Colloquy, p. 34.[3]

---

**3.** While we are astonished by the lower court's acceptance of the conditional guilty plea, we are equally bemused by the prosecution's silent endorsement of the illegal plea.

When appellant was questioned, "If you had known at that time that your Rule 1100 issue would not be preserved, that it would be killed by the guilty plea, would you have pled guilty anyway?", he answered, "No." PCHA Hearing, January 12, 1988, pp. 6–7. Upon review of the plea colloquy and the PCHA hearing testimony, we are convinced that appellant would not have entered a guilty plea but for the court's assurance that his right to appeal his Rule 1100 issue would survive his guilty plea. Since the court had absolutely no authority to accept such a plea, we are constrained to find that appellant's plea was unlawfully induced. Manifest injustice has been demonstrated instantly. The appellant relied on the court's assurances that his Rule 1100 issue would be preserved and, consequently, was involuntarily induced to enter his plea. Clearly, the PCHA court erred in denying appellant's petition to withdraw his plea.[4]

Moreover, appellant correctly asserts that trial counsel was ineffective for advising him to enter a conditional guilty plea which defense counsel, the prosecution and the court undoubtedly knew was illegal. When ineffective stewardship is alleged in connection with withdrawal of a guilty plea, the ineffectiveness will provide a basis for withdrawal *only* if there is a nexus between counsel's actions and an involuntary or unknowing plea. *Vance,* 546 A.2d at 635; *West, supra; Commonwealth v. Owens,* 321 Pa.Super. 122, 467 A.2d 1159 (1983). When reviewing an attack on the stewardship of counsel, we employ the established standards recently reiterated by our Supreme Court in *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20 (1989).

Approaching our task of determining whether counsel's assistance was effective we initially presume that it was. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Then, in analyzing a

---

4. At the very least, the PCHA court should have granted the appellant permission to appeal *nunc pro tunc* the original denial of his petition to withdraw his plea, rather than simply deny the petition.

defendant's claim, we examine whether the claimant's allegations are possessed of arguable merit. *Pierce, supra; Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984); *Maroney, supra.* We next determine whether of the alternatives available to counsel in presenting the defense those chosen were possessed of a reasonable basis in effecting his client's interests. *Id.; Commonwealth v. Wade,* 501 Pa. 331, 461 A.2d 613 (1983). Assuming positive resolution of both inquiries above, we require finally that the claimant demonstrate how the asserted ineffectiveness prejudiced his cause. *Pierce, supra; Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983), *cert. den'd,* 465 U.S. 1104 [104 S.Ct. 1603, 80 L.Ed.2d 133] (1984).

*Hentosh,* 554 A.2d at 24.

Applying the three-pronged ineffectiveness test to the case at bar, we are convinced counsel was ineffective. The issue underlying appellant's ineffectiveness claim is arguably meritorious since, as stated previously, conditional pleas are not accepted in Pennsylvania. Faced with a plethora of cases which hold that only the issues of legality of the sentence, validity of the plea and jurisdiction of the court may be appealed following the entry of a guilty plea, we can find no reasonable basis for counsel to have allowed his client to enter a conditional guilty plea. Finally, as appellant stated on-the-record, he would not have entered a guilty plea had he known the Rule 1100 issue would be lost for appellate review. Thus, appellant was prejudiced by relying to his detriment on the erroneous advice of counsel that the Rule 1100 issue could survive the plea. Clearly, trial counsel was ineffective.

In *Thomas,* 506 A.2d 420, we were faced with a similar situation. Therein, we allowed appellant to withdraw his plea of *nolo contendere* which was specifically conditioned upon a reservation of his right to appeal the denial of his pre-trial motions. In so ruling, we held that trial counsel was ineffective in "recommending a plea premised upon the

faulty presumption that appellant's nonjurisdictional pre-trial challenges could survive the entry of that plea." *Thomas*, 506 A.2d at 424. Further, we found that "trial counsel's ineffectiveness induced an involuntary plea." *Thomas*, 506 A.2d at 424. As in *Thomas, supra,* the nexus between present trial counsel's actions and the involuntary plea is obvious—trial counsel's faulty advice induced appellant to enter an involuntary plea, i.e., a guilty plea conditioned upon preservation for appeal of an issue which could not be preserved.

██ In sum, we take this opportunity to chastise defense counsel, the prosecution and, most importantly, the trial court for allowing appellant to enter a conditional guilty plea. It is beyond our comprehension how, after informing appellant on-the-record that only issues of legality of sentence, validity of plea and jurisdiction of court are preserved for appeal following a guilty plea, the lower court could then accept a guilty plea expressly conditioned upon preservation of an issue not included within those exceptions. The trial court simply should have refused to accept the conditional plea. However, by accepting the conditional plea, the court exacerbated the effect of the erroneous advice of trial counsel. Similarly, the prosecution should have objected to the plea, instead of standing in silent acceptance. Obviously, the appellant relied to his detriment on the actions of the court and counsel and thereby entered an involuntarily induced guilty plea.[5]

5. The learned Judge Johnson, in his dissent, states: "I read the majority opinion as concentrating on the actions of the trial judge. I prefer to focus on whether ineffective assistance has been shown." Dissent at 485. However, we do address the question of ineffective assistance of counsel, but our focus is on counsel's ineffectiveness as it relates to the appellant's entry of a conditional plea—a plea which pursuant to *Thomas, supra,* is void (not voidable). We comment upon the actions of the trial judge not only because his acceptance of the plea perpetuated the error, but also because we are astounded that he would allow such a plea to be entered.

The dissent, focusing upon the appellant's admittedly meritless Rule 1100 issue, declares that "common sense dictates that he could not have been prejudiced by his then inability to pursue the claim following a guilty plea." Dissent at 485. However, the prejudice element of the ineffectiveness claim is not his inability to pursue the Rule 1100

We have before us an appellant who pleaded guilty to heinous crimes, including rape, and received a sentence commensurate with the severity of those crimes. However, years later, we must allow appellant to withdraw his guilty plea and award him a trial, not because of an assertion of innocence and offer of exculpatory proof but rather because of egregious error on the part of counsel and, more importantly, the court. Although we abhor the remedy which we are compelled to administer, had the trial court simply refused to accept a plea which it undoubtedly knew was illegal, we would not be forced to remand for a trial which, due to the passage of time, may be impossible to prosecute effectively.

■■ However, our concern is not whether appellant can be convicted upon remand, rather our concern is remedying the errors of trial counsel and the court. Accordingly, finding that the appellant has met his burden of showing prejudice which resulted in manifest injustice, we reverse the order of the court below, allow appellant to withdraw his plea and grant him a new trial.[6]

claim. Rather, the prejudice element is his decision, based on the erroneous advice of counsel to enter an invalid conditional guilty plea, to foregoing his right to a jury trial. The appellant stated that had he known he could not pursue the Rule 1100 claim after entry of a guilty plea, he would not have entered the plea.

Moreover, we note that the dissent has not even addressed what the majority believes to be the central issue of this case: whether the appellant's plea was voluntary—a fact illuminated by the dissent's omission of a discussion of the withdrawal of appellant's conditional guilty plea. Unlike the dissent, we have not addressed the Rule 1100 issue since only the voluntariness of the plea, the legality of the sentence, the jurisdiction of the court and the competency of counsel may be challenged on appeal following the entry of a guilty plea. *Montgomery*, 401 A.2d at 319. See also footnote 5, *infra*.

6. The Commonwealth argues that appellant should not be allowed to withdraw his plea since appellant was not prejudiced by entering a conditional plea. The Commonwealth asserts the prejudice is alleviated by the PCHA court's granting of permission to appeal the Rule 1100 issue *nunc pro tunc*. However, we find that the Rule 1100 issue is not properly before us.

Since we have granted appellant's petition to withdraw his plea, the appeal *nunc pro tunc* of the Rule 1100 issue is interlocutory. If we had denied appellant's petition to withdraw his plea, we would still be precluded from reviewing the Rule 1100 issue *nunc pro tunc* since the

Order of PCHA court reversed. Permission to withdraw guilty plea is granted. Remanded for trial. Appeal *nunc pro tunc* (2775 Phil.1988) is quashed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

Pedro Terreforte pled guilty to rape and involuntary deviate sexual intercourse. The Honorable Levan Gordon sentenced him to an aggregate sentence of twelve and one-half to twenty-five years' imprisonment. Post-sentence motions seeking withdrawal of the guilty plea and reconsideration of the sentence were denied. No direct appeal was taken.

A year and one-half later, Terreforte filed a *pro se* petition under the Post–Conviction Hearing Act, (PCHA) 42 Pa.C.S. § 9541 *et seq.* A year after that, on April 28, 1987, represented by present counsel, he filed an amended PCHA petition, seeking (1) a direct appeal from judgment of sentence *nunc pro tunc,* and (2) plea withdrawal allowance.

Following a hearing, the Honorable Joseph D. O'Keefe, denied the request for plea withdrawal but granted Terreforte the right to appeal *nunc pro tunc* on the narrow issue of the extension of time to commence trial granted to the Commonwealth pursuant to Pa.R.Crim.P. 1100.

Terreforte filed two separate appeals on September 26, 1988. At No. 2774 Philadelphia 1988, he appeals from that portion of the PCHA order entered September 21, 1988 which denied his plea withdrawal. At No. 2775 Philadelphia 1988, he appeals from the judgment of sentence of September 25, 1984, alleging a Rule 1100 violation.

In his submitted brief in this court, Terreforte presents no argument challenging the order extending the time for commencement of trial. Since this argument has not been carried forward in the brief, we need not consider it on

issue could not survive the entry of his guilty plea. Accordingly, the PCHA court's granting of an appeal *nunc pro tunc* of the Rule 1100 issue was erroneous. Under either scenario, we must quash the appeal *nunc pro tunc* of the Rule 1100 issue.

appeal. The Rule 1100 contention has been abandoned. *Giant Markets, Inc. v. Sigma Marketing Systems, Inc.,* 313 Pa.Super. 115, 126, n. 2, 459 A.2d 765, 771, n. 2 (1983); *Upper Gwynedd Twp. Auth. v. Roth,* 113 Pa.Cmwlth. 239, 245, n. 9, 536 A.2d 875, 878, n. 9 (1988). Moreover, Terreforte openly admits that his Rule 1100 claim is "weak to the point of frivolity" and "not worth pursuing." Brief for Appellant at pp. 11, 13.

I would affirm the judgment of sentence at No. 2775 Philadelphia 1988, since the only issue raised in that appeal is, by Terreforte's own admission, totally devoid of merit.

Where I differ with my esteemed colleague, Judge Popovich, at appeal No. 2774 is on the focus of our review. I read the majority opinion as concentrating on the actions of the trial judge. I prefer to focus on whether ineffective assistance has, in fact, been shown.

Terreforte argues that his plea counsel was ineffective in permitting him to plead guilty under circumstances that placed the preservation of his Rule 1100 claim at risk. The ineffectiveness of counsel is shown where there is merit to the underlying claim, the course chosen by counsel does not have a reasonable basis, and the defendant shows prejudice. *Commonwealth v. Graham,* 522 Pa. 115, 560 A.2d 129 (1989). Where the prejudice question is resolvable, we need not inquire into whether the action of counsel had a reasonable basis, and the ineffectiveness claim can be dismissed. *Commonwealth v. Pierce,* 515 Pa. 153, 163, 527 A.2d 973, 977 (1987).

Once Terreforte concedes, as he must, that there is absolutely no merit to the Rule 1100 claim, common sense dictates that he could not have been prejudiced by his then-inability to pursue the claim following a guilty plea.

Since I find no prejudice to the defendant, since the plea was voluntary and entered with knowledge of the charges, and since there is not even a suggestion of manifest injustice, I would also affirm that portion of the order of September 21, 1988 which denied PCHA relief.

Hence, this dissent.