615 A.2d 343

**COMMONWEALTH of Pennsylvania**

v.

**Shawn MUNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1992.

Filed Sept. 28, 1992.

240

Daniel Silverman, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

Shawn Munson entered a plea of guilty to a charge of participating in a corrupt organization in violation of 18 Pa. C.S. § 911. He was thereafter sentenced to serve a term of imprisonment for not less than eight (8) years nor more than

twenty (20) years. Munson made no attempt to withdraw his plea of guilty, but he did file a motion for reconsideration of sentence. When this motion was denied, Munson filed this appeal in which he alleges that the sentence imposed was manifestly excessive. He also contends that his guilty plea counsel was constitutionally ineffective because: (1) counsel failed to file a motion to withdraw his plea of guilty; and (2) counsel continued to represent him despite the existence of actual conflicts of interest.

■ Appellant has complied with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) by including within his brief a concise statement of the reasons relied upon for allowance of an appeal from the discretionary aspects of sentencing. His precise challenge to the sentence is stated as follows:

THE LOWER COURT MANIFESTLY ABUSED ITS DISCRETION IN IMPOSING A SENTENCE THAT EXCEEDED THE EXTREME END OF THE AGGRAVATED RANGE OF THE SENTENCING GUIDELINES BY OVER 500%; THAT FOCUSED SOLELY ON THE PERCEIVED SERIOUSNESS OF THE CRIME; AND THAT FAILED TO ADEQUATELY CONSIDER APPELLANT'S LACK OF ANY CRIMINAL HISTORY, THE EXPRESSION OF REMORSE AS PRESENTED BY THE GUILTY PLEA, AND THE LIKELIHOOD OF A SUCCESSFUL REHABILITATION ENGENDERED BY A SENTENCE MORE CONSISTENT WITH THE SENTENCING GUIDELINES.

Because we deem this a substantial challenge to the appropriateness of appellant's sentence, we will review the discretionary aspects of sentencing.

■ "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson*, 381 Pa.Super. 1, 16, 552 A.2d 1064, 1072 (1988). When the sentence imposed is outside the sentencing guidelines, the court must "provide a contemporaneous written statement of the reason or reasons for the devia-

tion from the guidelines." 42 Pa.C.S. § 9721(b). This requirement "is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Smith,* 369 Pa.Super. 1, 6, 534 A.2d 836, 838 (1987).

When imposing sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Frazier,* 347 Pa.Super. 64, 67, 500 A.2d 158, 159 (1985). "It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines." *Commonwealth v. Hainsey,* 379 Pa.Super. 376, 382, 550 A.2d 207, 209 (1988). Additionally, the court must impose a sentence which is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Frazier, supra.* Where the sentencing judge had the benefit of a pre-sentence report, however, it will be presumed that he "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18 (1988). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.,* 519 Pa. at 102, 546 A.2d at 18.

A review of the record in the instant case discloses that the sentencing court had the benefit of and considered a pre-sentence report before imposing sentence upon appellant. Therefore, we must presume that the court was aware of and considered the relevant mitigating circumstances set forth therein. At the time of sentencing, the court further set forth its reasons for imposing a sentence outside the sentencing guideline ranges, stating as follows:

> THE COURT: The lectures that come from this bench as to drug selling are all too frequent. Continually I see abusers coming before me selling drugs and others coming before me selling drugs who are mandated under the law one to two and three to six and are nowhere near the level

that Mr. Munson was involved in. No matter what they were involved in as to the amounts involved in, it is clear to me that Mr. Munson was actually involved in large scale drug selling. I do not think that the guidelines are appropriate. I think that they are way too low under the circumstances. I believe they are way too low under the circumstances for one of the reasons Mr. Rosen mentioned, which is the type of organization that is, in fact, involved and for the amounts involved.

I do take into consideration Mr. Munson's plea of guilty as I have always taken into consideration and his admittance of guilt. However, I do believe that this is a situation that demands that I go above the aggravated range.

N.T. 9/20/91 at pp. 52–53.

After careful review, we are satisfied that the sentencing court did not abuse its discretion in the instant case. Although appellant's minimum sentence of eight years exceeded that recommended by the sentencing guidelines,[1] the extensive nature of appellant's involvement in a large scale drug selling organization amply justified the sentence imposed. Indeed, the facts recited in support of appellant's guilty plea were that he personally was involved in sales of several kilograms of cocaine per week. Additionally, he was involved in at least one drug related shooting and an attempt to bribe a potential Commonwealth witness. His heavy involvement in a large, unlawful, drug trafficking enterprise warranted a sentence in excess of the guideline ranges. The sentencing court neither abused its discretion nor imposed a manifestly excessive sentence.

We next address appellant's contention that his guilty plea counsel was ineffective because he was burdened by several conflicts of interest. Specifically, appellant asserts that counsel had formerly represented, in prior, unrelated

1. The guideline ranges applicable in the instant case recommended minimum sentences of the following lengths:
    mitigated range—4–8 months;
    standard range—8–12 months;
    aggravated range—12–18 months.

criminal cases, two potential Commonwealth witnesses and two of appellant's co-defendants.[2] He contends that counsel's former representation of Commonwealth witnesses and co-defendants created actual conflicts of interest which rendered counsel's representation of appellant constitutionally ineffective.

In addressing claims of ineffective assistance of counsel based upon alleged conflicts of interest, we utilize the following approach:

"Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House*, 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). See also: *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986). To meet this burden appellant must plead and prove that:

> 1) the issue underlying his claim of ineffectiveness is of arguable merit; 2) the course chosen by counsel had no reasonable basis designed to serve his interests; and 3) he suffered prejudice as a result of counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, [158–160], 527 A.2d 973, 975–76 (1987); *Commonwealth v. Buehl*, 510 Pa. 363, 378–79, 508 A.2d 1167, 1174–75 (1986); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5 & n. 8, 235 A.2d 349, 352–53 & n. 8 (1967).

*Commonwealth v. House, supra.* See also: *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *Commonwealth v. Harner*, 377 Pa.Super. 229, 243, 546 A.2d 1241, 1247 (1988); *Commonwealth v. Riggins*, 374 Pa.Super. 243, 248–249, 542 A.2d 1004, 1007 (1988). When the claim of ineffective assistance of counsel is based upon an alleged conflict of interest, however, prejudice will be presumed where counsel is shown to have been burdened by an actual conflict of interest. See: *Commonwealth v. Buehl*, 510 Pa. 363, 379, 508 A.2d 1167, 1175 (1986), *cert. denied*, 488 U.S.

---

**2.** In his statement of matters complained of on appeal, appellant asserted only that guilty plea counsel had formerly represented a single Commonwealth witness in an unrelated criminal case.

871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988); *Commonwealth v. Smith,* 380 Pa.Super. 619, 629–630, 552 A.2d 1053, 1059 (1988). To prevail in the instant case, it was necessary for appellant to "demonstrate[ ] that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.'" *Commonwealth v. Buehl, supra,* quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718–1719, 64 L.Ed.2d 333, 346–347 (1980). See also: *Commonwealth v. Smith, supra; In re Saladin,* 359 Pa.Super. 326, 331, 518 A.2d 1258, 1261 (1986). The showing of a mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan, supra* [446 U.S.] at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348.

*Commonwealth v. McCloy,* 393 Pa.Super. 217, 223–224, 574 A.2d 86, 89–90 (1990).

It is important to note that appellant's allegations concern past representations by counsel of witnesses and co-defendants in cases which were unrelated to the corrupt organization charge to which appellant entered his plea of guilty. Of such alleged conflicts of interest, it has been observed:

Of course, the absence of simultaneous representation is not determinative. In some circumstances, a defense lawyer's prior representation of a witness can give[ ] rise to an actual conflict of interest. *See, e.g., United States v. Martinez,* 630 F.2d 361, 362 (5th Cir.1980), *cert. denied,* 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); [*Commonwealth v.*] *Porter,* 805 F.2d [930] at 939–41. [ (11th Cir.1986) ]. But the absence of simultaneous representation is a significant factor; generally, it is more difficult to prove that successive representation caused an actual conflict of interest than that simultaneous representation did so.

*Smith v. White,* 815 F.2d 1401, 1405 (11th Cir.1987), *cert. denied,* 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). See also: *Mannhalt v. Reed,* 847 F.2d 576, 580 (9th Cir.1988), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 249 (1988).

In cases where a conflict of interest has been alleged because of counsel's prior representation of another party or witness, the approach generally followed by the courts has been summarized by the United States Court of Appeals for the Seventh Circuit in the following manner:

> In cases in which the alleged conflict of interest is based on the prior representation of a prosecution witness by defense counsel, the courts have examined the particular circumstances to determine whether counsel's undivided loyalties reside with his current client. In such cases there are two factors that arguably may interfere with effective cross-examination and, therefore, the effective assistance of counsel. First is concern that the lawyer's pecuniary interest in possible future business may cause him to avoid vigorous cross-examination which might be embarrassing or offensive to the witness. The second is the possibility that privileged information obtained from the witness might be relevant to the cross-examination.

*United States v. Jeffers,* 520 F.2d 1256, 1264–1265 (7th Cir. 1975), *cert. denied,* 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1976) (footnotes omitted). Similar observations were more recently made by the Ninth Circuit Court of Appeals, which said:

> In successive representation, "conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties." *Mannhalt,* 847 F.2d at 580. Among the dangers in a successive representation situation is that the attorney who has obtained privileged information from the former client may fail to conduct a rigorous cross-examination for fear of misusing that confidential information. *United States v. Agosto,* 675 F.2d 965, 971 (8th Cir.1982).

*Fitzpatrick v. McCormick,* 869 F.2d 1247, 1252 (9th Cir.1989), *cert. denied,* 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989). See also: *United States v. Wheat,* 813 F.2d 1399, 1402 (9th Cir.1987), *aff'd,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("In successive representation, conflicts of interest arise if an attorney reveals privileged communications of the

former client, or otherwise divides his loyalties so that he is incapable of diligently representing his client.").

Instantly, appellant has not asserted that the prior criminal cases in which counsel represented potential witnesses and co-defendants were in any way related to the corrupt organization charge for which counsel represented appellant in this case. On the contrary, it is conceded that none of the cases are related. Further, no specific allegation has been made that counsel possessed confidential information as a result of prior representations which affected his ability to zealously and effectively cross-examine witnesses who would have appeared against appellant if the instant case had gone to trial. Under such circumstances, we will not speculate whether guilty plea counsel's former associations might in some way have affected adversely appellant's interests if the case had gone to trial.

The Supreme Court has held that a defendant making allegations of ineffective assistance of counsel must allege sufficient facts, which if proven, would demonstrate that relief was warranted. *Commonwealth v. Durst,* 522 Pa. 2, 5, 559 A.2d 504, 505 (1989). Absent a sufficient offer of proof, claims of ineffective assistance of counsel will not be considered in a vacuum. See: *Commonwealth v. Silo,* 509 Pa. 406, 411, 502 A.2d 173, 176 (1985); *Commonwealth v. Pettus,* 492 Pa. 558, 563–564, 424 A.2d 1332, 1335 (1981). Instantly, appellant has offered nothing more than an allegation that his guilty plea counsel in prior, unrelated criminal cases, had represented potential Commonwealth witnesses as well as two co-defendants. This is an insufficient factual predicate to demonstrate arguable merit in the claim that counsel was ineffective because of divided loyalties.

Appellant also argues that his guilty plea counsel was ineffective for failing to file a motion to withdraw the plea of guilty on grounds that appellant did not voluntarily enter the plea. His guilty plea was not voluntarily entered, appellant contends, because he was not specifically informed of the possibility that he might receive a minimum sentence which exceeded that recommended by the sentencing guidelines. As we shall see, however, appellant's claim of an involuntary

guilty plea is belied by the record and provides no basis for a finding that his guilty plea counsel rendered ineffective assistance.

In *Commonwealth v. McClendon*, 403 Pa.Super. 467, 589 A.2d 706 (1991), the Superior Court, sitting en banc, extensively reviewed the applicable law which governs post-sentencing attempts to withdraw pleas of guilty. The Court said:

"In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in a manifest injustice to the defendant." *Commonwealth v. Vance*, 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988). See also: *Commonwealth v. Schultz*, 505 Pa. 188, 191, 477 A.2d 1328, 1329–1330 (1984); *Commonwealth v. Muller*, 334 Pa.Super. 228, 233–234, 482 A.2d 1307, 1310 (1984). "To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge." *Commonwealth v. Fenton*, 388 Pa.Super. 538, 542, 566 A.2d 260, 262 (1989). See also: *Commonwealth v. Jones*, 389 Pa.Super. 159, 162, 566 A.2d 893, 895 ·(1989); *Commonwealth v. Campbell*, 309 Pa.Super. 214, 219, 455 A.2d 126, 128 (1983). However, "[o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. West*, 336 Pa.Super. 180, 186, 485 A.2d 490, 493 (1984). See also: *Commonwealth v. Phillips*, 374 Pa.Super. 219, 222, 542 A.2d 575, 576 (1988); *Commonwealth v. Brown*, 242 Pa.Super. 240, 244, 363 A.2d 1249, 1251 (1976).

"Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden [of demonstrating manifest injustice] because of the recognition that a plea withdrawal can be used as a sentence-testing device." *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982). See also: *Commonwealth v. Starr*, 450 Pa. 485, 489, 301 A.2d 592, 594 (1973); *Commonwealth v. Vance, supra.* "It is axiomatic that a disappointed expectation regarding a sentence does not constitute grounds for withdrawing a guilty plea." *Commonwealth v. Owens*, 321 Pa.Super. 122,

130, 467 A.2d 1159, 1163 (1983). See also: *Commonwealth v. Sanutti*, 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. West, supra* [336 Pa.Super.] at 185, 485 A.2d at 493. "If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Commonwealth v. Shaffer, supra.*

Pursuant to Pa.R.Crim.P. 319(a), a trial judge "shall not accept [a guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Regarding the entry of a guilty plea, it has been said:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa.R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986).

*Commonwealth v. Cole*, 387 Pa.Super. 328, 335–336, 564 A.2d 203, 206–207 (1989). See also: *Commonwealth v.*

*Alston,* 387 Pa.Super. 393, 397, 564 A.2d 235, 237 (1989); *Commonwealth v. Cortino,* 387 Pa.Super. 210, 215–216, 563 A.2d 1259, 1261–1262 (1989).

*Id.,* 403 Pa.Super. at 469–471, 589 A.2d at 707–708. It has also been observed that:

'[T]he decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct. This information is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and to place himself at the mercy of the sentencing court. No civilized society could tolerate the waiver of such basic rights from one who was unaware of or misinformed as to such a critical fact.'

*Commonwealth v. Braxton,* 410 Pa.Super. 391, 395, 600 A.2d 198, 199–200 (1991), quoting *Commonwealth v. Kulp,* 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978).

■ Instantly, a full and complete guilty plea colloquy was conducted which established conclusively that appellant's plea of guilty was entered knowingly, intelligently and voluntarily. As part of the colloquy, appellant was specifically informed—and indicated that he understood—that he faced a possible sentence of up to twenty years imprisonment. Therefore, appellant cannot now credibly contend that he was unaware of the permissible range of the sentence which he faced. Moreover, his disappointment with the length of the sentence which he actually received is not an adequate basis on which to file a motion to withdraw a guilty plea. Accordingly, guilty plea counsel cannot be deemed ineffective for failing to file an obviously meritless motion. See: *Commonwealth v. Thomas,* 372 Pa.Super. 349, 353, 539 A.2d 829, 831–832 (1988).

The judgment of sentence is affirmed.