419 A.2d 1342

**COMMONWEALTH of Pennsylvania**

v.

**William E. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed May 23, 1980.

Thomas P. Ruane, Jr., Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

This appeal is from an order of the trial court dismissing appellant's petition under the Post Conviction Hearing Act (PCHA).[1] On appeal, appellant alleges the following bases for relief under the PCHA: (1) the introduction into evidence of a coerced confession; (2) the introduction into evidence of statements obtained during the absence of counsel when such representation was required; (3) the denial of his constitutional right to be represented by competent counsel; (4) the use of perjured testimony by the prosecution; and (5) the discovery of exculpatory evidence not available at the time of the trial that would have affected the outcome of that proceeding.[2]

The first two contentions relating to the obtaining of inculpatory statements were raised during appellant's direct

---

1. Act of Jan. 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq., repealed,* Act of April 28, 1978, P.L. 202, § 2(a) (eff. June 27, 1980).

2. Appellant also alleged as a basis for relief the "abridgment of a right guaranteed by the constitutional or laws of this state or . . . of the United States . . . ." He admitted, however, that the allegation was without merit and withdrew it as a basis for PCHA relief.

appeal and discussed by this court per curiam, *Commonwealth v. Lewis*, 259 Pa.Super. 606, 393 A.2d 1280 (1978), and appellant's petition for allocatur was denied by the Supreme Court of Pennsylvania on February 2, 1979. Therefore, we find that these issues have been finally litigated within the meaning of section 4 of the PCHA and may not be raised collaterally under that Act.[3] *See Commonwealth v. Tucker*, 260 Pa.Super. 510, 394 A.2d 1043 (1978); *Commonwealth v. Ferguson*, 257 Pa.Super. 497, 390 A.2d 1347 (1978).

We also decline to review appellant's remaining contentions, for we find a conflict of interest in the representation of appellant in this appeal by a member of the public defender's office of Fayette County.[4] During trial and on direct appeal, appellant was also represented by counsel from that same public defender's office. In analyzing a situation in which counsel represents a criminal defendant during trial, and counsel from the same office asserts the incompetence of trial counsel in a subsequent proceeding in the same case, the Supreme Court has stated as follows:

"This Court has previously held that it is unrealistic to expect trial counsel to argue his own ineffectiveness, *Commonwealth v. Dancer*, [460 Pa.] [95] at 100, 331 A.2d [435] at 438 [(1975)]. We have also held that a PCHA petitioner, represented by court–appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated. *Commonwealth v. Sherard*, [477 Pa. 429,] 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. [395] 398, 374 A.2d

3.  Appellant did not allege that counsel was ineffective in his presentation of the issues regarding his exculpatory statements on direct appeal, nor did he present evidence of other circumstances that would preclude the direct appeal from being a final adjudication on those issues.

4.  Although the conflict in representation has not been raised by either party, it may be addressed sua sponte by this court. *See Commonwealth v. Fox, infra; Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977).

[1272] 1273 (1977); *Commonwealth v. Via*, [455 Pa. 373, 316 A.2d 895 (1974)]. In neither case can it be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, 476 Pa. 475, 478–79, 383 A.2d 199, 200 (1978).

Accordingly, we remand for the appointment of new counsel not associated with the public defender's office of Fayette County to represent appellant on his PCHA petition on the issue of the ineffectiveness of trial counsel and any other issues not waived or finally litigated.

The order of the trial court is reversed and the case remanded for appointment of new counsel or for ascertainment of appellant's desire to proceed with counsel from the public defender's office despite the conflict of interest.[5] *See Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).

---

5. We note also that the transcript of the PCHA hearing was not included in the record on appeal, and for this additional reason we reverse for the development of a proper record.