468 A.2d 791

**COMMONWEALTH of Pennsylvania**

v.

**Charles E. MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1983.

Filed Nov. 10, 1983.

Petition for Allowance of Appeal Denied Feb. 29, 1984.

---

446

Margaret M. Boyce, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, BROSKY and BECK, JJ.

HESTER, Judge:

Before us is an appeal from an Order of the Court of Common Pleas, Philadelphia County, dated August 20, 1981, denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA). 42 Pa.C.S.A. § 9541 *et seq.*

On October 7, 1976, appellant entered a guilty plea on two Bills of Indictment charging him with possession, manufacture or delivery of controlled substances, heroin and methamphetamines. Imposition of sentence was deferred with appellant's consent and sentencing was set for January 31, 1977. A condition of the plea agreement required appellant to cooperate with several named narcotics officers in the apprehension and prosecution of other drug suppliers. In exchange for such cooperation, appellant was to receive a recommended sentence of probation. Appellant was ad-

vised, in the event that his cooperation was placed in issue by the Commonwealth, that he could withdraw his plea if the trial judge determined that he had cooperated as promised. Appellant was further advised, however, that if it was determined that he failed to cooperate, imposition of maximum sentence could result. Shortly following the entry of the plea, an issue with respect to appellant's cooperation did arise. At a hearing on June 22, 1977, the court determined that appellant had failed to comply with the terms of the plea agreement. On August 25, 1977, the court imposed sentences of six to twelve years on each bill.

Appellant, while represented by trial counsel, did not file a petition to withdraw the guilty plea either prior or subsequent to sentencing. Appellant did, however, while represented by trial counsel, take a direct appeal to this Court. We affirmed judgment of sentence in our *per curiam* order. *Commonwealth v. Moore*, 266 Pa.Super. 631, 405 A.2d 550 (1979). We noted in our memorandum in support of our order that appellant's sole basis on direct appeal was the alleged unknowing and involuntary aspects of the plea. We found that appellant's failure to challenge the voluntariness of his guilty plea by means of a petition to withdraw the plea in the trial court prior to taking the direct appeal resulted in a waiver of the alleged defects.

In the case before us, appellant once again seeks our review of the alleged unknowing and involuntary aspects of his plea through an allegation of ineffectiveness of trial counsel.

In his amended PCHA Petition filed by counsel *other than* original trial counsel, appellant asserted a myriad of contentions which included a general allegation of ineffectiveness of trial counsel, a claim that the guilty plea was involuntary and unlawfully induced, a claim that the lower court failed to advise appellant of his right to withdraw his plea, a claim that after-discovered evidence entitled appellant to a new trial, and a claim that the sentencing judge failed to comply with Rule 1405 Pa.R.Cr.P. Relief request-

ed by appellant was a granting of a new trial or a reconsideration of his sentence.

At the PCHA hearing, Judge Edward J. Blake conducted a full evidentiary hearing which included testimony by appellant and trial counsel. Among the evidence considered by the PCHA court was the extensive and methodically conducted guilty plea colloquy. At the conclusion of the hearing, the PCHA court found that the guilty plea was valid and knowingly and voluntarily entered, that appellant was not deprived of competent counsel, that no after discovered evidence was shown justifying the withdrawal of the plea and that the sentencing judge had fully complied with Pa.R.Cr.P. 1405. Thus, the PCHA court denied appellant's request to withdraw his plea and permit a new trial since it concluded that appellant had failed to meet his burden of showing prejudice in the order of manifest injustice. *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973).

Appellant contends in this appeal from the denial of his amended PCHA petition that (1) his trial counsel was ineffective; (2) he did not enter a knowing and voluntary plea; (3) the trial court failed to advise him of his right to withdraw his guilty plea; and (4) the trial court failed to provide him with sufficient notice of the June 22, 1977 hearing. We find appellant's contentions meritless.

■ In considering a claim of ineffectiveness, we must first determine whether the underlying issue is of arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). If the issue is of arguable merit, we must then consider whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Appellant argues that trial counsel was ineffective for failing to argue a motion to suppress which he had filed prior to the guilty plea colloquy.[1]

1. Since counsel on direct appeal was trial counsel, appellant's first opportunity to raise trial counsel's ineffectiveness was at the PCHA

■ From the record before us, we are not certain that arguing the motion would have been fruitless since the record does not contain the search warrant, affidavit of probable cuase or the complete testimony relating to the circumstances surrounding the search.[2] However, even if we assume that there was arguable merit to the motion, we are convinced that trial counsel was not ineffective for failing to pursue it. At the PCHA hearing, trial counsel testified that the likelihood of success on the motion was not good. (PCHA Hearing 7/1/80, N.T. 37–38). He also testified that though the motion may have had some merit, he believed that the terms of the plea bargain were quite favorable. (PCHA Hearing 7/1/80, N.T. 37–38).

■ Since counsel sought to avoid the incarceration of appellant and a violation by appellant of a drug probation in an unrelated case; and, appellant in fact received a favorable plea bargain, trial counsel's choice clearly had some reasonable basis designed to effectuate appellant's interests. *Commonwealth ex rel. Washington v. Maroney,* supra.[3]

hearing. It is, therefore, not waived. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

**2.** We do note, however, that appellant makes only the bare assertion that the motion would have been successful because drug officers made a search prior to obtaining a search warrant. Moreover, it was stipulated at the guilty plea colloquy by the parties and without objection by appellant that the officers on the date of entry of appellant's home had a warrant based on probable cause.

**3.** At the PCHA hearing, the court permitted an amendment to appellant's amended PCHA petition to include an allegation that trial counsel was ineffective for failing to argue the Motion to Suppress. (PCHA Hearing 7/1/80, N.T. 7). We have rejected this claim. In appellant's brief, however, appellant also claims that trial counsel's ineffectiveness induced him to enter an involuntary and unintelligent plea. Though we could find this allegation waived since it was not properly raised below by PHCA counsel, *Commonwealth v. Zillgitt,* 489 Pa. 189, 413 A.2d 1078 (1980); *Commonwealth v. Robinson,* 253 Pa.Super. 496, 385 A.2d 448 (1978), we reject this contention on its merits since "allegations of ineffectiveness of counsel in connection with entry of a guilty plea will serve as a basis for relief only if ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Chumley,* 482 Pa. 626, 640–41, 394 A.2d 497,

Appellant contends that trial counsel was ineffective for not filing a motion to withdraw the plea prior or subsequent to sentencing.

At the PCHA hearing, trial counsel admitted that he did not file a petition to withdraw the plea following the June 22, 1977 hearing (and prior to sentencing on August 25, 1977). Accordingly to counsel,

"I [wrote] to Mr. Moore on July 1, 1977. I believe that letter is already in evidence. I said: 'Dear Mr. Moore: I've received a portion of the Notes from your guilty plea hearing and it is apparent that you did reserve your right to withdraw the guilty plea and go to trial if you were found uncooperative. Please advise me whether or not you wish to go to trial.'

Q. Did you ever hear from Mr. Moore?

A. Apparently not. I don't believe that I did because I wrote him another letter on August 11, 1977 and indicating: "On July 1, 1977, I wrote to you and requested to know whether or not it was your desire to proceed to trial in your case before Judge Marutani since the Commonwealth had indicated that you had failed to cooperate with your undercover operation. At the time of the hearing on your alleged failure to cooperate you indicated it was your desire to go to trial. The matter is now pending waiting your decision. Please contact my office as soon as possible so that we may proceed with the case."
(PCHA Hearing 7/1/80, N.T. 46–47).

Appellant testified that he received the letters and responded to them by telephone calls placed from the law library in Holmesberg prison. (PCHA Hearing 7/1/80, N.T. 22–23). The PCHA court, after evaluating the testimony, resolved the credibility issue in favor of trial counsel, It is well-settled that the credibility of witnesses in PCHA proceedings

504–05 (1978), cert. denied, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). Since we agree with the PCHA court that trial counsel was competent, this allegation must fail. Trial counsel's decision to forego argument on the motion in exchange for a favorable plea cannot support a claim that counsel's "ineffectiveness" induced the plea and rendered it invalid.

is exclusively within the province of the hearing court. *Commonwealth v. Riddick*, 492 Pa. 430, 424 A.2d 1266 (1981); *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977). Moreover, in reviewing the PCHA court's determination, we are constrained from engaging in a *de novo* evaluation of testimony. *Commonwealth v. Clayton*, 496 Pa. 492, 437 A.2d 1147 (1981). The record before us supports the PCHA court determination. According, we do not find trial counsel ineffective for failing to file a motion to withdraw the plea prior to sentencing.

With respect to trial counsel's failure to file a post-sentence petition to withdraw the plea, we preliminarily note that there is "no requirement in our law that every attorney who has represented a criminally accused during a guilty plea proceeding file after its acceptance a petition to withdraw the plea." *Commonwealth v. Ford*, 491 Pa. 586, 593, 421 A.2d 1040, 1043 (1980). If a post-sentence petition to withdraw the guilty plea "can be said to have been a fruitless act, trial counsel will not be held ineffective for failing to file such a petition." *Id.*, 491 Pa. at 594, 421 A.2d at 1044.

It is firmly established that the standard for granting a post-sentence petition to withdraw a guilty plea requires a showing in the order of "manifest injustice." *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). A showing of "manifest injustice" would occur when the criminally accused demonstrates that the plea was not voluntary. *Commonwealth v. Shaffer*, supra; *Commonwealth v. Starr*, supra. Thus, in determining whether trial counsel's failure to file a post-sentence petition constitutes ineffectiveness we must address whether appellant's plea was tendered involuntarily.[4]

4. Trial counsel did file a direct appeal to this Court challenging the voluntary aspects of the plea. We affirmed judgment of sentence. *Commonwealth v. Moore*, 266 Pa.Super. 631, 405 A.2d 550 (1979). There we found that the failure of trial counsel to file a motion to withdraw the plea prior to taking the direct appeal waived appellant's challenge to the voluntary aspects of the plea, as mandated by *Com-*

In analyzing this question we are aided by an extensive record, which includes the PCHA hearing testimony of appellant and trial counsel, the PCHA court opinion, the transcript of the guilty plea colloquy, the transcript of the June 22, 1977 hearing, and the opinion of the trial and sentencing judge. At the PCHA hearing, appellant was given the opportunity to present reasons to justify the withdrawal of his plea. The PCHA court found that appellant tendered his plea voluntarily as a matter of fact and concluded as a matter of law that the plea was valid. We concur with the PCHA court finding.

The guilty plea colloquy conducted by the trial court was adequate and extensive. Appellant was advised that he would receive a sentence of probation provided he cooperated with the named drug officers (Guilty Plea Colloquy 10/7/76, N.T. 7–9). He understood that imposition of his sentence was to be deferred (Guilty Plea Colloquy 10/7/76, N.T. 11). Appellant was fully advised that his failure to cooperate could merit imposition of a maximum sentence (Guilty Plea Hearing 10/7/76, N.T. 9–10). Appellant understood he could withdraw his plea in the event that the Commonwealth believed that he was not cooperative and the trial judge determined that he was. (Guilty Plea Colloquy 10/7/76, N.T. 10–11). At the hearing of June 22, 1977, the trial judge found that appellant had utterly failed to

monwealth v. Roberts, 237 Pa.Super. 336, 352 A.2d 140 (1975). Though we are inclined to find that the issue of voluntariness was not finally litigated within the meaning of § 9544 of the PCHA since we believe that the issue of voluntariness of the plea was not fully addressed on the merits, Commonwealth v. McKenna, 498 Pa. 416, 446 A.2d 1274 (1982); Commonwealth v. Slavik, 449 Pa. 424, 297 A.2d 920 (1972); compare, Commonwealth v. Lewis, 278 Pa.Super. 35, 419 A.2d 1342 (1980), we need not so hold since we review the issue of voluntariness here, not as an independent basis of relief, but as appended to a claim of ineffectiveness. See, e.g., Commonwealth v. Ford, supra; Commonwealth v. Swift, 299 Pa.Super. 77, 81 n. 2, 445 A.2d 156, 157 n. 2 (1982). We do note, however, that our discussion of the voluntary aspects of the plea will have the effect of disposing of appellant's challenges to the voluntariness of the plea alleged in appellant's brief as an independent basis of relief.

 

cooperate and proceeded to impose sentence.[5]

 From the foregoing, we are convinced the plea was tendered voluntarily and consequently, agree with the PCHA court's determination that appellant failed to evidence a showing to correct a "manifest injustice." See, *Commonwealth v. Shaffer,* supra; *Commonwealth v. Starr,* supra. As such, we find that trial counsel was not ineffective for having failed to file a motion to withdraw which would have been fruitless.[6] *Commonwealth v. Ford,* supra.

5. We note that at sentencing on August 25, 1977, after being apprised of his right to take an appeal, appellant's true concern and point of contention is evidence; that being, his disagreement over the determination of his non-cooperation. (Sentencing Hearing 8/25/77, N.T. 134–35).

6. We are aware that trial counsel's failure to file a post-sentence petition affected the scope of our review and conclusion reached by us in appellant's direct appeal. However, had trial counsel filed such a petition, appellant would have attained no more than that which he is receiving now: a careful and exhaustive reconsideration of the voluntary aspects of his plea, albeit in relation to the ineffectiveness issue.

In this regard, we note that in the second argument in his brief (pp. 27–29), appellant also claims that his plea was involuntary since it was entered in reliance upon trial counsel's ineffective advice with respect to counsel's failure to argue the motion to suppress. While we believe that we disposed of this contention in footnote 3 herein, we further find that appellant's plea was based on reasonable, competent advice and therefore was not involuntary. Whether trial counsel may have misjudged, without the benefit of knowing that appellant would not abide by the terms of the plea agreement, the admissibility of evidence seized at appellant's home or the effect of appellant's credibility on the success of the motion, is not grounds for attacking the voluntariness of the plea. See generally, *McMann v. Richardson,* 397 U.S. 759, 769–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763, 773 (1970) ("plea of guilty on reasonably competent advice is intelligent plea, not open to attack on grounds that counsel may have misjudged the admissibility of defendant's confession.")

Appellant alleges that the plea was involuntary by reason of bad advice by counsel, and because of a general misunderstanding of the plea and of the consequences of failing to abide by the plea. We have addressed these contentions and have rejected them. Appellant also alleges that he was coerced by counsel to plead guilty. This contention was not properly raised below or addressed by the PCHA court and is therefore waived. *Commonwealth v. Zillgitt,* supra. We note that we seriously doubt appellant could meet his burden of proof on this claim. Appellant also alleges that he was involuntary induced to plead guilty because of evidence obtained by an allegedly illegal

 Appellant next asserts that trial counsel was ineffective for failing to raise all possible issues in the prior direct appeal to this Court. Appellant did not raise this issue either in his amended PCHA petition or at the PCHA proceeding and it is therefore waived. *Commonwealth v. Zillgitt*, supra. Even if this issue had not been waived, all contentions alleged therein lack merit.

 Appellant contends that trial counsel failed to argue in his direct appeal an issue with respect to the sufficiency of the evidence, failed to raise the issue of whether the trial court advised him of his right to withdraw his guilty plea and failed to attack his own ineffectiveness on direct appeal. With respect to the first claim, trial counsel cannot be deemed ineffective since, from a guilty plea, an accused may challenge only the voluntariness of the plea, the legality of the sentence imposed and the competency of counsel. *Commonwealth v. Czapla*, 287 Pa.Super. 335, 430 A.2d 313 (1981). With respect to the second claim, the trial court did properly advise appellant of his right to withdraw his plea. With respect to the third claim, it is a frivolous argument since trial counsel was not ineffective or in the alternate, cannot be expected to raise his own ineffectiveness. *Commonwealth v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435, 438 (1975). Since counsel cannot be deemed ineffective for failing to raise a meritless claim, *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978), this ground for establishing a claim of ineffectiveness must fail.

Lastly, appellant contends the trial court failed to advise him of his right to withdraw his plea at the June 22, 1977 hearing, when it determined that he failed to cooperate.

search. With respect to this claim, appellant presented some uncorroborated testimony that the drugs were obtained without a warrant. (PCHA Hearing 7/1/80, N.T. 8–10). No evidence was presented by appellant to substantiate his allegation of an illegal search. The PCHA court found that appellant failed to meet his burden of proving that the plea was involuntarily induced. We agree. See, *Commonwealth v. Robinson*, 253 Pa.Super. 496, 385 A.2d 448 (1978).

It was admitted by appellant at the October 7, 1976 guilty plea colloquy, that he was apprised of his right to withdraw his plea as a matter of right within seven days. (Guilty Plea Colloquy Hearing 10/7/76, N.T. 47, Appellant's brief, p. 30). It is also clear that appellant was given the right to withdraw the guilty plea in the event the Commonwealth believed he was not cooperative and the trial judge determined that he was. (Guilty Plea Colloquy Hearing 10/7/76, N.T. 10–11). Appellant claims the trial court was again required to advise him of the right to withdraw his plea at the June 22nd hearing. Appellant's claim is premised on a mischaracterization of the June hearing as being a continuance of the guilty plea colloquy and, in effect, is a rephrasing of his contention that his plea was tendered involuntarily. Further, appellant mischaracterizes the role played by the trial court in the entering of the plea.

At the guilty plea colloquy, it was made patently clear, with appellant's consent, that he would receive a recommended sentence of probation in exchange for his plea *provided* he cooperate with the named narcotics officers. Appellant was advised that his failure to cooperate with the officers could result in imposition of the maximum sentence. Imposition of sentence at the guilty plea colloquy was deferred until January 31, 1977, in order to determine whether appellant, in fact, would cooperate as promised.[7] (Guilty Plea Hearing 9/7/76, N.T. 46). At the hearing of June 22, 1977, the trial court determined that appellant had failed to abide by the plea agreement.[8] Pre-sentence reports were ordered and the date for sentencing was then set for August 25, 1977. At the sentencing hearing, appellant was apprised of his right to appeal the judgment of sen-

7. From the docket entries before us, appellant failed to appear as scheduled. The assigned reason was that it was believed appellant was in Federal custody.

8. The acts upon which the trial court based its determination that appellant was uncooperative occurred immediately following the plea agreement and prior to the January 31, 1977 sentencing date. (June Hearing 6/22/77, N.T. 109–110).

tence.[9] (Sentencing Hearing 8/25/77, N.T. 134).

 It is obvious to this Court that the trial court at the June 22nd hearing was not required to apprise appellant of his right to withdraw his plea either as a matter of right or under the terms of the plea agreement. The June 22nd hearing was not a continuance of the guilty plea colloquy. Appellant had been given the opportunity to withdraw the guilty plea within seven days after the colloquy but failed to do so. And by failing to cooperate, appellant did not have the right under the terms of the plea agreement to withdraw the plea.

The trial court had accepted the plea agreement and at all times abided by its terms. After the trial court's determination that appellant had not cooperated, the trial judge refused to permit the withdrawal of the plea. It was at this time that the trial court was not bound by the conditional term of probation and was then permitted to impose sentence.[10]

Order affirmed.

9. We note that at the time of sentencing, August 25, 1977, the trial court judge fully complied with the requirements of Pa.R.Cr.P. 1405 as mandated at that time and was not required to advise appellant of his right to file motions challenging the plea.

10. We also reject appellant's final contention that the trial court did not give him sufficient notice of the June 22nd hearing since it was not, in effect, a revocation of probation hearing, as appellant so contends. We note that appellant understood that he was not serving a probationary sentence from the time subsequent to the guilty plea colloquy. This is evidenced by the record of the guilty plea colloquy and by his own testimony at the PCHA hearing (PCHA hearing 7/1/80, N.T. 14). We seriously doubt, based upon the record before us, that appellant's defense was prejudiced by any alleged lack of notice.