## Commonwealth v. Heimbach

*Risa Vetri Ferman, Mary McNeill Killinger* and *Erin Colleen Lentz,* for Commonwealth.

*Elizabeth Lippy,* for defendant.

HODGSON, *P.J.,* April 30, 2008—Ronald Heimbach (appellant) appeals to the Superior Court of Pennsylvania from our order dated February 8, 2008 denying his request for post conviction relief.

## FACTS AND PROCEDURAL HISTORY

On March 20, 2006, appellant pled guilty to two counts of possession of controlled substance with intent to deliver. Upon entering his plea, appellant testified under oath that he was pleading guilty of his own free will and that no one forced, threatened or coerced him into doing so. Appellant also admitted that he committed the crimes that he was pleading guilty to and that he was aware of their mandatory minimum and maximum sentences. Moreover, appellant asserted that he understood that by entering a guilty plea, he was waiving his right to a trial by jury or judge as well as his right to have the Commonwealth prove him guilty beyond a reasonable doubt. As a result, appellant was subsequently sentenced to two concurrent terms of imprisonment of four to 12 years in a designated state correctional institution. Thereafter on January 18, 2007, appellant filed a pro se Post Conviction Relief Act (PCRA) petition, which we dismissed without a hearing on May 14, 2007. Appellant then requested permission to file an amended PCRA petition which we granted. Said petition was subsequently filed and a hearing was held on January 18, 2008 to determine its merits, which we ultimately denied. Appellant now appeals our decision to the Pennsylvania Superior Court.

In accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, we directed appellant to file and serve upon us a concise statement of errors complained of on appeal by no later than April 4, 2008. Said statement was filed on March 20, 2008.

## LEGAL DISCUSSION

Appellant maintains that his trial counsel provided ineffective assistance as a result of his failure to advise appellant of any potential and relevant suppression issues, which invalidates his guilty plea. At appellant's PCRA hearing, his trial attorney testified that because he did not believe that there were any legitimate suppression issues and since appellant was attempting to cooperate with the Commonwealth, he did not file a suppression motion. However, appellant claims that this explanation does not provide a reasonable basis for his lawyer's decision since his cooperation with the Commonwealth had dissolved well before his guilty plea was entered and, therefore, a suppression hearing should have been requested.

"[A]llegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Boyd,* 835 A.2d 812, 815 (Pa. Super. 2003). In order to succeed on such a claim, a defendant must demonstrate that "(1) his underlying contention possesses arguable merit; (2) the course chosen by counsel had no reasonable basis designed to serve his interests; and (3) counsel's conduct prejudiced him." *Commonwealth v. Vealey,* 398 Pa. Super. 449, 453, 581 A.2d 217, 219 (1990). When evaluating such a claim, the court must

first consider the merit of the defendant's underlying issue. If the court finds that the issue is in fact meritorious, it then must determine whether counsel's actions were intended to effectuate his or her client's interests. *Commonwealth v. Moore,* 321 Pa. Super. 442, 448, 468 A.2d 791, 794 (1983).

In *Moore,* the defendant argued that his trial attorney was ineffective for failing to argue a motion to suppress which he had filed prior to completing a guilty plea colloquy. The court held against the defendant and found that even if the motion had arguable merit, the trial counsel was not ineffective for failing to pursue it since he testified at the defendant's post conviction relief hearing that there was not a likelihood of succeeding on such a motion and, moreover, he believed that the terms of his client's plea bargain were favorable. *Id.* at 449, 468 A.2d at 794-95.

Similarly in the instant case, we find that appellant's trial counsel had a reasonable basis for his course of conduct. At appellant's PCRA hearing, his lawyer testified that he did not believe there were any legitimate suppression issues because appellant's charges resulted from a discovery of controlled substances obtained from a consented search of his vehicle. This is further supported by a statement appellant made to police that he intended to deliver the said substances to another individual. His attorney also stated that because appellant was attempting to cooperate with the Commonwealth and continued to do so up until a couple of days before his sentencing, he could not simultaneously file suppression motions and allege police misconduct. On this basis, appellant's trial lawyer felt that his client's negotiated plea agreement with the Commonwealth best served his

interests. We agree with appellant's counsel and upon reviewing his testimony, find it to be credible and conclude that his representation of appellant was not ineffective and therefore does not invalidate appellant's guilty plea.

Appellant also asserts that this court erred in denying him the opportunity to present expert testimony to establish that the common practice and procedure of a criminal defense attorney is to discuss any possible suppression issues with his or her client in order to ensure that the plea entered is knowing, intelligent and voluntary. We find appellant's argument to be meritless. To evaluate a claim of ineffective assistance of counsel, the test is not whether alternative courses of action were more reasonable, but rather, whether the attorney's decision and course of conduct had a reasonable basis which was designed to effectuate the client's interests. *Commonwealth v. Penrose,* 447 Pa. Super. 478, 486, 669 A.2d 996, 1000 (1995). In the instant case, although we denied appellant the opportunity to call an expert witness in support of his claim of ineffective assistance of counsel, this was not required. Rather, it was necessary for appellant's trial attorney to explain the logic behind his decisions so that we could determine whether his conduct was reasonable and in his client's interests in this case.

## CONCLUSION

Based on the forgoing, the undersigned respectfully requests that the court's denial of appellant's request for post conviction relief be affirmed.