J-S12031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAVIER ORTIZ, :
:
Appellant : No. 2731 EDA 2015

Appeal from the PCRA Order August 21, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001989-2012

BEFORE:    MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 09, 2016**

Javier Ortiz (Appellant) appeals from the August 21, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 12, 2012, agents from the Bureau of Narcotics Investigation of the Office of the Attorney General conducted a controlled purchase of one ounce of crystal methamphetamine from Appellant at his home.  Execution of a search warrant at the residence revealed the buy money from the controlled purchase, as well as an additional 419 grams of crystal methamphetamine.  Appellant subsequently gave a statement to agents from the Attorney General's office, admitting involvement in a corrupt organization for the supply of crystal methamphetamine.

*Retired Senior Judge assigned to the Superior Court.

On January 4, 2013, Appellant entered a negotiated guilty plea to possession with intent to deliver (PWID) and corrupt organizations, and was sentenced to the agreed-upon aggregate term of six to twenty years of imprisonment. Appellant's subsequent post-sentence motion was denied. On September 2, 2013, this Court certified the discontinuance of the direct appeal that followed, based upon the filing of a praecipe to discontinue by Appellant.

Appellant *pro se* filed a PCRA petition on February 23, 2014. The PCRA court appointed counsel, who filed an amended petition alleging three instances of ineffective assistance of plea counsel. Following a hearing, the PCRA court denied Appellant's petition by order of August 25, 2015. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

On appeal, Appellant claims that the PCRA court erred in denying his PCRA petition because plea counsel's ineffectiveness resulted in his entering

an unknowing and involuntary plea. Specifically, Appellant claims that plea counsel's performance was constitutionally deficient in failing (1) to relay to the prosecution Appellant's acceptance of a plea deal for a four-to-eight-year sentence; and (2) to pursue a motion to suppress Appellant's confession as involuntary. Appellant's Brief at 4.

We begin by noting that counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Id.*

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Appellant first argues that he wished to accept a plea deal for a four-year minimum sentence, but his plea counsel "went on vacation and failed to notify the district attorney's office that [Appellant] agreed to the plea." Appellant's Brief at 7 (unnecessary capitalization omitted).

At the PCRA hearing, Appellant testified that plea counsel informed Appellant of an offer of a four-year minimum sentence, and that he told plea counsel that he would agree to it, but plea counsel went on vacation and, when he came back, said that the deal was off. N.T., 8/18/2015, at 7-8. Plea counsel, on the other hand, testified that no one ever made an offer lower than the six-year minimum which Appellant ultimately accepted. ***Id.*** at 27-28.

The PCRA court accepted plea counsel's testimony and found that Appellant's testimony was not credible. PCRA Court Opinion, 8/25/2015, at 6. Because the PCRA court's credibility determinations are supported by the record, we may not disturb them on appeal. ***Commonwealth v. Marinez***, 777 A.2d 1121, 1124 (Pa. Super. 2001). Accordingly, Appellant's first claim merits no relief from this Court.

Appellant's remaining argument is that his plea to the charge of corrupt organizations was induced by his unsuppressed involuntary

confession. Appellant claims that, when he made an inculpatory statement to police, he was "high on drugs" and was threatened with the removal of his children. Although he informed plea counsel of the circumstances of his confession, Appellant claims that counsel, without good reason, told him "he could do nothing about it." Appellant's Brief at 8.

At the PCRA hearing, plea counsel testified that, when he represented Appellant prior to the plea, Appellant had been cooperating with the Attorney General's office. N.T., 8/18/2015, at 24. Plea counsel sought to further that cooperation in the hopes that they "could reach an agreement for a lesser period of incarceration." *Id.* Although Appellant informed plea counsel that someone had said something along the lines of "we're going to take your kids," Appellant also indicated to plea counsel that he had not felt threatened in any way at the meeting at which he gave his initial statement. *Id.* at 26-27. Counsel determined that it was best to continue to cooperate, rather than to file a suppression motion and "fight and cooperate at the same time." *Id.* at 27. By having Appellant's statement in the record, plea counsel would be able to "argue to the judge that, look, he was cooperating from day one." *Id.* Ultimately, although the prosecution had been adamant that it would go no lower than an eight-year minimum, it offered, and the trial court accepted, a minimum sentence of six years of imprisonment. *Id.* at 25.

The PCRA court held that counsel's determination that pursuing continued cooperation was a better strategy that seeking to suppress his initial statement was within counsel's "broad discretion to determine tactics and strategies," and was "reasonably based to effectuate [Appellant's] interests." PCRA Court Opinion, 8/25/2015, at 5 (citing **Commonwealth v. Fowler**, 670 A.2d 152 (Pa. Super. 1996)). Because the PCRA court's ruling is supported by the record and is free from legal error, no relief from this Court is warranted. **See Commonwealth v. Moore**, 468 A.2d 791, 794 (Pa. Super. 1983) (holding counsel's decision not to pursue a suppression motion "clearly had some reasonable basis designed to effectuate appellant's interests" where counsel testified that likelihood of success on the motion was not good and he obtained a plea agreement with favorable terms).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/9/2016