J. S15025/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAFAEL RIVERA, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 952 EDA 2016 |

Appeal from the Judgment of Sentence November 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006783-2015

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 10, 2017**

Appellant, Rafael Rivera, appeals from his Judgment of Sentence of 2-4 years' incarceration, following his *nolo contendere* plea to felony charges of Possession with Intent to Deliver ("PWID"), Possession of a Firearm, Firearms Not to be Carried without a License, and Conspiracy to PWID, and misdemeanor charges of Intent to Possess a Controlled Substance by a Person Not Registered, Carrying a Firearm in Public in Philadelphia, and Possession of an Instrument of Crime.[1] We affirm.

On September 8, 2015, after a thorough colloquy discussed *infra*, Appellant entered an open *nolo contendere* plea to the above charges.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 6105(a)(1), 18 Pa.C.S. § 6106(a)(1), 18 Pa.C.S. § 903, 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 6108, and 18 Pa.C.S. § 907(a), respectively.

On November 16, 2015, the court held a sentencing hearing at which it engaged counsel in a comprehensive discussion of the court's sentencing options. During this discussion, but prior to the court placing its final sentencing determination on the record, Appellant's counsel stated, "He wants, Your Honor, he wants to withdraw." N.T. 11/16/15, at 33. The court did not rule on Appellant's request to withdraw his guilty plea, and Appellant did not object further to the sentence announced in court.[2] Following the hearing, the court sentenced Appellant to the above term of incarceration.

Appellant timely filed a Motion for Reconsideration of Sentence, seeking to withdraw his *nolo contendere* plea and challenging the legality of his sentence on the misdemeanor charges. The court granted Appellant's Motion in part, resentencing Appellant to no further penalty on the misdemeanor charges.[3] Appellant filed a timely Notice of Appeal from his Judgment of Sentence on March 24, 2016.

Appellant raises the following two issues on appeal:

---

[2] In fact, it was not the court, but Appellant's counsel, that placed the court's final sentencing determination on the record. The court directed Appellant's counsel to "see if [Appellant] understands the sentence and advise him." N.T. at 35. Appellant's counsel then stated, "So the sentence Your Honor, if I understand is two to four on the open, which is No. 9 on the list. Two to four plus three-years['] probation, and there's a consecutive one to two in the VOP, which is No. 8 on the Court's list?" *Id.* To which the court responded, "Yes." *Id.*

[3] The court did not expressly rule on the portion of the Motion in which Appellant again sought to withdraw his *nolo contendere* plea.

1. Was the evidence insufficient to establish (and was the plea colloquy therefore deficient to establish a factual basis for the plea) that [Appellant] possessed any firearm or instrument of crime (required for title 18, sections 6105, 6106, 6108, and 907 (a firearm was found in a vacant lot that also had controlled substances connected to [Appellant], but other people had access to that lot and there was no evidence connecting [Appellant] to the firearm))? This issue includes, pursuant to Pa.R.App.Proc. 1925(b), all subsidiary questions, including that the trial court erred in denying [Appellant's] [M]otion to [W]ithdraw the plea during the colloquy, and/or before sentence was imposed, and/or for the "factual basis"-related relief requested in either of the two written [P]ost-[S]entence [M]otions.

2. Did the trial court err in denying the written [M]otion for [R]econsideration of [S]entence because the sentence for one or more of the counts was in or above the aggravated range of the guidelines without an adequate on-the-record justification; and/or in the alternative because (with respect to counts 1-3 and 5-7) the court failed correctly to calculate the guidelines, failed to state reasons for departing from the standard and/or aggravated range, and/or violated the fundamental norms of sentencing?

Appellant's Brief at 2 (footnotes omitted); **see also** Appellant's Pa.R.A.P. 1925(b) Statement, 4/26/16, at 1-2 (unpaginated).

In his first issue, Appellant claims that his plea to gun possession charges was involuntary because the Commonwealth did not present sufficient evidence during his plea colloquy to establish that it was the Appellant who possessed a firearm or instrument of crime.[4] Appellant avers, therefore, that the trial court erred in denying his Motion to Withdraw his

---

[4] Appellant waived his challenge to the sufficiency of the evidence when he entered his *nolo contendere* plea. **See Commonwealth v. Moore**, 468 A.2d 791, 797 (Pa. Super. 1983).

plea made "during the colloquy and/or before the sentence was imposed, and/or for the "factual basis"-related relief requested in either of the two written [P]ost-[S]entence Motions." Appellant's Brief at 3-4. Essentially, Appellant claims that the court erred in denying his Motions to Withdraw his Plea made both before and after the court sentenced him. In either case, Appellant is not entitled to relief.

With respect to a Motion to Withdraw a plea made before sentencing, Pa.R.Crim.P. 591(A) provides that, the court may, in its discretion, permit the withdrawal of a plea of guilty or *nolo contendere*. Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence Motion to Withdraw a plea:

> [T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015) (holding that there is no *per se* rule regarding a pre-sentence request to withdraw a plea, and a bald assertion of innocence is not a sufficient reason to require a court to grant such a request.).

However, if a defendant attempts to withdraw a plea after sentencing, his Motion is "subject to higher scrutiny[.]" ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009).

> A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* (citations and quotation marks omitted).

Before a court may accept a guilty plea, it must be satisfied that there is a sufficient factual basis for the plea. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1048 (Pa. Super. 2011).

With respect to Appellant's claim that the court erred in denying his pre-sentencing Motion to Withdraw, we find no error, as Appellant failed to place before the court any reasons in support of his Motion. Appellant's Motion, such that it was, consisted only of the assertion by his counsel that, "He wants, Your Honor, he wants to withdraw." In the absence of any reasons placed on the record in support, the trial court did not abuse its discretion in denying Appellant's oral pre-sentence Motion to Withdraw his Plea.

We similarly find Appellant's alternate claim—that the court erred in denying his post-sentence Motion to Withdraw his Plea—lacking in merit. Appellant argues that his *nolo contendere* plea was involuntary because it was premised on an allegedly deficient factual basis. Appellant's Brief at 4.

However, our review of the record reveals that the Commonwealth's factual

basis was, indeed, sufficient.

During the court's plea colloquy with Appellant, the Commonwealth

provided the following factual basis for the plea:

> Back on April 24, 2015, at approximately 6:00 p.m., Officer Walsh (sp) was doing a surveillance along with Officer Cessna (sp) on the 2900 block of Rosehill Street here in Philadelphia. They observed [Appellant], uh, being approached by a person later identified as a Jamie (sp) Pastor (sp) Rivera.
>
> At that time, he – Mr. Pastor (sp) Rivera handed [Appellant] an unknown amount of U.S. currency at which point [Appellant] went through his pockets, couldn't find anything, then undid his belt and went into the front of his pants. At which point he shrugged his shoulders and motioned for Pastor (sp) Rivera to go southbound. At which point Mr. Pastor (sp) Rivera did walk southbound out of view. After which [Appellant] went into a vacant lot that was located on the east side of Rosehill.
>
> As this was going on, Officer Cessna (sp) observed the co-defendant, Samuel Torres[,] also on the east side of the street engaging in a hand-to-hand transaction with a buyer later identified as Christopher Schwartz (sp). That um – let's see.
>
> The co-defendant had accepted U.S. currency, went into that vacant lot, returned, and gave the buyer an unknown object, which was later found to be one orange zip lock packet of crack cocaine. Shortly after this, [Appellant] and the co-defendant[,] Mr. Torres, both met up on the east side of the street. They exchanged some currency between each other, and they separated, but they both stayed on Rosehill Street.
>
> Shortly after that, Mr. Pastor (sp) Rivera, who was the person that initially engaged [Appellant], returned to the block again and engaged in a hand-to-hand transaction with [Appellant]. At which point, afterwards, this – Mr.

> Pastor (sp) Rivera, was stopped with one clear heat-sealed packet stamped "ENP" (sp) containing heroin. Shortly after which – after that, an unknown male approached both [Appellant] and the co-defendant. There was a hand-to-hand transaction involving the co-defendant. That buyer was not stopped.
>
> After that last purchase, the co-defendant got on a bicycle which he was observed getting on to several times throughout the surveillance. Mr. Torres went up and down the streets. Officers, fearing that the co-defendant was going to be leaving the scene, concluded the surveillance.
>
> Co-defendant was stopped with $202.00 U.S. currency as well as one brown cylinder of marijuana. [Appellant] was stopped with $15.00 U.S. currency. Officers went into that vacant lot where both [Appellant] and the co-defendant were going into. They found 11 packets of heroin in a clear zip lock packet stamped "ENP" (sp).
>
> Further in the lot they found a larger bag containing 112 packets of heroin with the same stamp, "ENP" (sp). And also – one second, let me just make sure this part is clear – directly next to that bag of 112 packets of heroin was a silver Walther PPK chambered in 380 Caliber loaded with six in the magazine and one in the chamber. [Appellant] at the time, due to his prior conviction[,] was not eligible to possess a gun, and that gun is operable.

N.T. 9/8/15, at 19-22.

We conclude that the Commonwealth's evidence as set forth, ***supra***, is sufficient for the finder of fact to infer that Appellant possessed the gun and drugs found in the lot. Accordingly, Appellant's claim, that he entered his plea involuntarily because of allegedly deficient supporting facts, fails.

In his second issue, Appellant claims that the trial court abused its discretion by imposing an allegedly excessive sentence. A claim of this nature challenges the discretionary aspects of Appellant's sentence.

*Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted). Appellant "must therefore petition for permission to appeal those issues, as the right to pursue such a claim is not absolute." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citation and internal quotation marks omitted). In addition,

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence [pursuant to Pa.R.A.P. 2119(f)]. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

*Id.*

Where an appellant's brief does not contain a statement under Rule 2119(f) and the Commonwealth objects, the appellant has waived this issue on appeal. *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). Here, Appellant has not included a 2119(f) Statement in his Brief, and the Commonwealth objected. Therefore, Appellant's challenge to the discretionary aspects of his sentence is waived.

Judgment of Sentence affirmed.

President Judge Emeritus Ford Elliott joins this Memorandum.

Judge Bowes Concurs in Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017