J-S27004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :          PENNSYLVANIA
               Appellee            :
                                                  :
                  v.                     :
                                                  :
CARLOS UBEN-SANCHEZ           :
                                                  :
            Appellant         :         No. 1929 EDA 2016

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000887-2013

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                  **FILED MAY 24, 2017**

     Appellant, Carlos Uben-Sanchez, appeals from the order entered in the Lehigh County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

     In its opinion, the PCRA court correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only the following facts: Appellant and plea counsel had a video conference on March 28, 2014, after sentencing.  Appellant did not ask plea counsel to withdraw the plea or file a direct appeal.  Procedurally, the court denied Appellant PCRA relief on June 9, 2016.  Appellant timely filed a

_____

[1]  42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

notice of appeal and a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on June 22, 2016.

Appellant raises two issues for our review:

> WHETHER THE PCRA COURT ERRED BY FINDING THAT [PLEA] COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CONSULT WITH [APPELLANT] REGARDING HIS DESIRE TO APPEAL THE SENTENCE AND TO TAKE THAT APPEAL?
>
> WHETHER THE PCRA COURT ERRED BY FINDING THAT [PLEA] COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO MORE FULLY LITIGATE THE MOTION TO SUPPRESS?

(Appellant's Brief at 6).[2]

Our standard of review of a grant or denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We exercise *de novo* review over the PCRA court's legal conclusions. **Commonwealth v. Spotz**, 610 Pa. 17, 44, 18 A.3d 244, 259 (2011). Traditionally, credibility issues are resolved by

---

[2] Appellant concedes in his brief on appeal that his second issue lacks arguable merit; plea counsel had a reasonable basis for not pursuing the suppression motion further; and this Court should not address this issue on appeal. (**See** Appellant's Brief at 11-12). Therefore, we give Appellant's second issue no further attention.

the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. ***Id.***

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James T. Anthony, we conclude Appellant's remaining issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (***See*** PCRA Court Opinion, filed June 9, 2016, at 3-6) (finding: Appellant's letter to plea counsel indicated Appellant wanted something appealed to expedite his deportation proceedings; record does not indicate Appellant wanted to appeal his judgment of sentence; Appellant received sentence within standard range of sentencing guidelines; Commonwealth withdrew Appellant's more serious charges in exchange for plea; rational defendant would not appeal judgment of sentence under these circumstances). We agree. In ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999), our Supreme Court made clear that counsel can be deemed ineffective if counsel is **unjustified** in failing to file a requested appeal. Appellant had the burden to plead and prove he asked counsel to file an appeal and counsel ignored or rejected the request. Appellant failed to carry his burden in this respect. ***See Commonwealth v. Maynard***, 900

A.2d 395 (Pa.Super. 2006) (stating petitioner is entitled to reinstatement of direct appeal rights if he can establish that he requested direct appeal and counsel unjustifiably disregarded request; affirming dismissal of PCRA petition where PCRA court conducted evidentiary hearing and found petitioner had not requested appeal). Here, Appellant asked counsel for assistance on deportation. The PCRA court found no basis to conclude Appellant wanted to file a direct appeal from his judgment of sentence. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   |      No.    0887-2013

         vs.

CARLOS UBEN-SANCHEZ,

         Defendant

\* \* \* \* \* \* \* \* \* \*

APPEARANCES:

Anna-Kristie M. Marks, Esquire, Senior Deputy District Attorney,
     For the Commonwealth

Robert E. Sletvold, Esquire, Conflict Counsel
     For the defendant

\* \* \* \* \* \* \* \* \* \*

## OPINION

**James T. Anthony, Judge:**

On December 20, 2013, the defendant pleaded nolo contendere to one count of Statutory Sexual Assault. As part of the plea, charges of Rape of a Child, Rape, Indecent Assault, and Corruption of Minors were dismissed. I ordered a Pre-sentence Investigation Report (PSI), and on March 26, 2014, I sentenced the defendant to a period of confinement of 14 months to 10 years in a State Correctional Institution. No post-sentence motion or direct appeal was filed. At all relevant times, the defendant was represented by Carol Marciano, Esquire, Deputy Public Defender.

On April 2, 2015, the defendant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA), and I appointed Robert E. Sletvold, Esquire, to represent the defendant. In an amended petition filed by counsel, the defendant alleges Attorney Marciano was ineffective for (1) failing to fully litigate a motion to suppress statements;

1

(2) failing to file a motion to withdraw the defendant's plea; and (3) failing to file a notice of appeal. A hearing was held on December 22, 2015, at which time the defendant and Attorney Marciano testified. Following the hearing, I took the petition under advisement and this opinion follows.

## Relevant Facts

At his PCRA hearing, the defendant testified that he is innocent of the charges and only pleaded guilty to avoid a long sentence. He stated he did not pursue the suppression issue because Attorney Marciano told him that the judge never suppresses evidence. The defendant said Attorney Marciano advised him that he could get a long term sentence if he went to trial and lost, but if he pleaded, he would get a time served sentence. Additionally, the defendant testified that he asked Attorney Marciano to appeal the case, but was advised by her that it was too late. Admittedly, the defendant did not ask Attorney Marciano to withdraw his nolo contendere plea.

Attorney Marciano testified that a critical point in this case was when the defendant gave a statement to police in which he confessed to the crime. She stated she filed a motion to suppress the statement on the basis that they were obtained in violation of the defendant's constitutional rights, and a hearing on the motion was held on two dates. Attorney Marciano indicated that in the time between the last hearing and the time for filing briefs, there were ongoing plea negotiations. The defendant initially rejected a plea, but Attorney Marciano explained to him the risks of going to trial. She advised that if they pursued the pretrial motions and lost, his confession could be used against him at trial. She also explained that even if they won on the motion, a jury could still convict him based on the victim's testimony, and the plea offer could be lost. She

2

also testified that based on the plea agreement, she advised the defendant a time-served sentence was possible, but never guaranteed he would get that. Attorney Marciano said the defendant ultimately made the decision to plead guilty.

Following his plea, but prior to his sentencing, Attorney Marciano received a letter from the defendant in which he indicated he was not getting a good deal. Attorney Marciano set up a video conference with the defendant, and asked him if he wanted to withdraw his plea. The defendant told her he just wanted to get it over with. Two days before the sentencing, Attorney Marciano spoke with the defendant, and again asked him if he wanted to withdraw his plea. She also explained that it would be more difficult to do so once he was sentenced. The defendant told her he wanted to go forward with sentencing and did not want to withdraw his plea. The defendant was sentenced on March 26, 2014.

On April 22, 2014, Attorney Marciano received a letter from the defendant, which had to be translated from Spanish, wherein the defendant stated he wanted help with his deportation matter. Attorney Marciano testified that there was nothing she could do in regards to the defendant's deportation, so she contacted Tamayo Tejada, a consular official at the Dominican Consulate in New York, and provided him with the defendant's contact information. She further testified there were no viable appeal issues as the defendant pleaded guilty and was sentenced within the standard range of the sentencing guidelines.

## Discussion

Generally speaking, trial counsel is presumed effective and the burden to prove otherwise rests with the defendant. *Commonwealth v. McNeil*, 487 A.2d 802 (Pa.

3

1985). To establish a claim of ineffective assistance, a defendant must prove that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or inaction; and (3) counsel's error prejudiced the defendant. *Id.* Prejudice is established where the defendant shows that "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

## I.  Failure to Litigate Motion to Suppress

The defendant alleges Attorney Marciano was ineffective for failing to fully pursue the pretrial motion to suppress statements. I do not find any merit to this allegation.

While I do not specifically recall the merits of the defendant's motion, even assuming that there was arguable merit to it, I do not find Attorney Marciano ineffective for failing to pursue it. Attorney Marciano zealously represented the defendant at two separate hearings on the motion, and was prepared to file a brief. However, due to ongoing plea negotiations, she chose not to brief the matter, but rather work out a deal for the defendant, which included not pursuing the motion. Notably, she was able to get some very serious charges dropped, so her choice clearly had some reasonable basis designed to effectuate her client's interests. *Commonwealth v. Moore*, 468 A.2d 791, 795 (Pa.Super. 1983). As such, Attorney Marciano cannot be held ineffective.

4

## II. Failure to File Motion to Withdraw Guilty Plea

"In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea." *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa.Super. 2005).

> '[O]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.' *Commonwealth v. Myers*, 434 Pa.Super. 221, 642 A.2d 1103, 1105 (1994) (quotation and citations omitted). 'Therefore, '[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.' ' *Id.* (quotations omitted). A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled. *Commonwealth v. Lewis*, 708 A.2d 497 (Pa.Super.1998).

*Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super.1999).

The defendant claims he pleaded guilty because Attorney Marciano advised him he would get a time served sentence and because he wanted to avoid a long sentence. There is nothing in the record to indicate Attorney Marciano made any promises to the defendant regarding his sentence. While she indicated a time-served sentence was possible, the record demonstrates the defendant was fully aware of the minimum and maximum sentences he was facing.[1] Additionally, the defendant admitted he never asked Attorney Marciano to withdraw his plea. On these facts, I cannot find that counsel was ineffective.

## III. Failure to File Notice of Appeal

On a claim of ineffective assistance of counsel in the context of an alleged failure by counsel to file a direct appeal, prejudice will be presumed if a defendant can prove that he asked counsel to file a direct appeal and counsel failed to do so. *Commonwealth*

---

[1] Notes of Testimony, Guilty Plea Colloquy, p.2-3

*v. Lantzy,* 736 A.2d 564, 571 (Pa. 1999). "Mere allegation will not suffice; the burden is on [the defendant] to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa.Super. 1999), *appeal denied,* 753 A.2d 815 (Pa. 2000).

Even where no request is made, counsel may still be held ineffective if the attorney does not consult with the client about the client's appellate rights. *Commonwealth v. Markowitz,* 32 A.3d 706, 714 (Pa.Super. 2011) (citing *Roe v. Flores– Ortega,* 528 U.S. 470 (2000)). "Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal." *Id.*

First, the letter Attorney Marciano received indicated the defendant wanted something appealed in order to expedite his deportation proceedings. There was no indication that the defendant wanted his sentence appealed. Second, I do not find Attorney Marciano had a duty to consult with the defendant about an appeal. The defendant received a sentence within the standard range of the sentencing guidelines, and had the most serious charges dismissed as part of his plea. Under those circumstances, it is difficult to see how a "rational defendant would want to appeal." *Markowitz,* 32 A.3d at 716 (citations omitted). As such, counsel was not ineffective.

## Conclusion

Based on the foregoing, the defendant is not entitled to relief and his PCRA petition must be denied.

June 9, 2016

James T. Anthony, Judge

6