J-S61029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA STEWART | : | |
| | : | |
| Appellant | : | No. 3820 EDA 2017 |

Appeal from the PCRA Order October 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005917-2015,
CP-51-CR-0008885-2015, CP-51-CR-0011289-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2018**

Dana Stewart appeals from the October 30, 2017 order denying PCRA relief.  After thorough review, we affirm.

On December 17, 2015, Appellant pled guilty to multiple charges filed at three criminal docket numbers.  The first offenses were committed on August 22, 2013.  Appellant was sitting in the driver's seat of a parked car that was obstructing traffic on 65th Street in Philadelphia.  Police recognized him and approached because they knew he did not possess a driver's license.  They recovered controlled substances from the vehicle.  Appellant was charged at CP-51-CR-0011289-2013 ("No. 11289-2013") with possession with intent to deliver heroin ("PWID"), and knowing and intentional possession of a controlled substance by a person not registered.

On January 27, 2015, Appellant was stopped by police for driving a car without headlights at 10:55 p.m. on the 5700 block of Walnut Street. He admitted to police that he had smoked marijuana. He also tested positive for morphine, codeine, oxycodone, and other controlled substances. Appellant was charged with driving while under the influence ("DUI").[1]

On January 30, 2015, while he was on bond following his January 27, 2015 arrest, Appellant fled to avoid apprehension by police for driving without a license. He ran a stop sign and a red light on Leeds Street in Philadelphia. Police halted their pursuit because Appellant was driving dangerously. Just moments later, however, police spotted him on foot. As police pursued him, he ran, discarding a glass bottle of liquid codeine from his pocket. Appellant was charged at CP-51-CR-0005917-2015 ("No. 5917-2015), with recklessly endangering another person ("REAP"), tampering with evidence, fleeing an officer, and driving with a suspended license.

Appellant was pursued by police on August 17, 2015, after they observed him failing to stop his vehicle at a stop sign on Brockton Road. When the officers activated their lights and siren, Appellant, who was driving without a license, fled down Lansdowne Avenue and collided with two parked cars. Police recovered marijuana and oxycodone from his person. Appellant was arrested and charged at CP-51-CR-0008885-2015 ("No. 8885-2015") with

---

[1] Although Appellant subsequently pled guilty to this DUI offense when he was sentenced at the other three criminal docket numbers, this conviction is not implicated in the instant PCRA petition.

- 2 -

fleeing an officer, knowing and intentional possession, possession of marijuana, and driving with a suspended license.

The three cases at Nos. 11289-2013, 5917-2015, and 8885-2015 were consolidated for disposition. On December 17, 2015, Appellant pled guilty to two counts each of fleeing from an officer, knowingly or intentionally possessing a controlled substance, and driving with a suspended license; and one count each of PWID, tampering with evidence, and possession of marijuana. On March 10, 2016, the court sentenced Appellant at the three criminal docket numbers to an aggregate sentence of three and one-half to seven years imprisonment followed by three years probation. Appellant also pled guilty to the additional charge of driving while under the influence ("DUI"), flowing from his January 27, 2015 arrest, and the court sentenced him to ninety days to six months imprisonment to run concurrently with the prior sentence.

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, which the court denied. He did not file a direct appeal. Appellant filed the instant PCRA petition, his first, on March 3, 2017, and counsel was appointed. Counsel filed an amended petition alleging that trial counsel was ineffective in failing to ensure that the written and oral colloquies were adequate to apprise Appellant of the maximum penalties, the nature of the offenses, the facts as they related to the offenses, the meaning of an open plea, and that the court made the written guilty plea colloquies part of the sentencing record. The Commonwealth moved to dismiss the petition. After

a hearing on the Amended Petition on October 30, 2017, the court dismissed the petition.

Appellant presents two issues for our review:

1. Did the lower court err in denying [Appellant's] Amended Petition for Relief under the Post-Conviction Relief Act, alleging the ineffectiveness of counsel where trial counsel failed to ensure that [Appellant's] guilty plea was knowing, voluntary and intelligent, which, in the circumstances of the case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

2. Did the lower court err in denying [Appellant's] Amended Petition for Relief under the Post-Conviction Relief Act, where trial counsel's errors caused an involuntary plea, constructively denying [Appellant] the representation of counsel in the proceedings?

Appellant's brief at 2.

In reviewing the denial of PCRA relief, we must decide whether the PCRA court's factual determinations are supported by the record and free of legal error. *Commonwealth v. Brown*, 2018 Pa. LEXIS 5489, *32-33 (Pa. 2018) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011)). In conducting our review, we view the PCRA court's findings and the evidence of record in a light most favorable to the winner at the trial level, herein, the Commonwealth. *Id*. We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id*. In sum, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012).

Appellant's claims challenge the effectiveness of plea counsel. The following principles inform our review. Counsel is presumed to have rendered effective assistance, and the appellant bears the burden of proving ineffectiveness. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To meet this burden, the appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (quoting *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003)). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Id*.

Where, as here, a defendant enters a guilty plea, our law presumes that he was aware of what he was doing. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003) (internal citation omitted). The defendant "bears the burden of proving otherwise." *Id*. Moreover, in order to prove prejudice for purposes of ineffectiveness, a defendant would have to show that, but for counsel's alleged errors, he would not have pled guilty and would have proceeded to trial. *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013) ("[W]ith regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably

probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.").

Preliminarily, we note that Appellant did not allege that his plea was unknowing or involuntary due to plea counsel's ineffectiveness. Rather, he claimed that plea counsel "failed to ensure" that the guilty plea colloquy was adequate to inform him of the charges to which he was pleading guilty, their maximum penalties, the facts underlying the charges, the meaning of an open plea, and that the written colloquies were made part of the record. He points to perceived deficiencies in the oral and written colloquies. For instance, he avers that PWID carried a maximum sentence of fifteen years, not ten years, as represented in the written colloquy at No. 11289-13. The oral colloquy, Appellant contends, did not articulate the charges, the elements of the offenses, the sentencing ranges, nor the fact that the plea was not negotiated as to sentence.

In the case at No. 5917-2015, although the written colloquy identified the charges and the maximum penalties, Appellant contends that there was no indication that there was a plea bargain except the handwritten word "Open." He complains that the court did not articulate the charges, the sentencing ranges, or the fact that the sentence was not negotiated at the oral colloquy.

In the case at No. 8885-2015, Appellant alleges that the written colloquy form denotes a plea to fleeing police and tampering, but mistakenly reflects a

maximum sentence of twenty-nine years rather than nine years. Furthermore, while it is noted on the written colloquy that the plea is "Open," Appellant complains that the term was not defined. Finally, according to Appellant, the written colloquies were not referred to by the court or made part of the record.

The PCRA court reasoned that "[t]he relevant inquiry in evaluation of [Appellant's] PCRA claims is whether his plea was knowing, intelligent, and voluntary, not whether the colloquies given were technically defective." Trial Court Opinion, 1/10/18, at 4 (citing **Commonwealth v. Moore**, 528 A.2d 1364 (Pa.Super. 1987). The court noted further that Appellant did not allege that he was unaware of the elements of the crimes charged, the maximum penalties, or the open nature of his guilty pleas. **Id**. at 5. Thus, the court reasoned, Appellant could not establish that his underlying claims had arguable merit or that he was prejudiced by counsel's actions. The court concluded that Appellant "failed to present any issues of merit in his PCRA petition, and . . . the issues he presented would not show prejudice to him if they were to have merit." PCRA Court Opinion, 1/10/18, at 7.

The record supports the PCRA court's findings. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Kelley**, 136 A.3d 1007, 1012-13 (Pa.Super. 2016) (quoting **Commonwealth v. Moser**, 921 A.2d

526, 531 (Pa.Super. 2007)). *See also Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa.Super. 2005) (*en banc*) "The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.").

Appellant devotes his argument on appeal to alleged defects in the guilty plea colloquies and contends that an insufficient guilty plea colloquy is *per se* ineffectiveness. Appellant's brief at 9. That is not the law, however. In order to be entitled to relief on ineffectiveness grounds, Appellant was required to plead and prove that counsel's ineffectiveness caused an involuntary or unknowing plea. *See e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 765 (Pa.Super. 2006) (affirming denial of PCRA relief where appellant pled that his guilty plea was involuntary and unknowing because it was improperly induced by counsel's promise and assurance that he would not receive the statutory maximum).

Appellant does not allege that his plea was unknowing and involuntary, let alone plead or prove that counsel's ineffectiveness caused it. Moreover, Appellant does not aver that he was unaware of the elements of the crimes to which he pled guilty or the maximum penalties for those crimes. Conspicuously absent is any allegation that he was prejudiced by plea

- 8 -

counsel's alleged failures, *i.e.*, that but for counsel's ineffectiveness he would not have entered the guilty pleas. Where, as here, a petitioner cannot meet the prejudice prong, the petition may be dismissed on that basis alone. ***Commonwealth v. Baker***, 614 A.2d 663 (Pa. 1992).

Nor do we find any arguable merit in Appellant's claims. The written guilty plea colloquies he signed are part of the record. Written plea colloquies that are read, completed, signed by the defendant and made part of the record function as a plea colloquy when supplemented by an oral, on-the-record examination.[2] ***See Morrison***, ***supra*** at 108 (summarizing Comment to Pa.R.Crim.P. 590). Appellant acknowledged in the written colloquies that he had committed the crimes enumerated, that his "lawyer told [him] what the elements of the crime(s) are that the District Attorney must prove to convict[,]" the length of possible jail time for the offenses, and the highest permissible fine. The colloquies expressly state that there is no recommendation as to sentence, and the additional handwritten notation "Open" merely confirmed that fact. The written colloquies informed Appellant of his pretrial rights, his rights at trial, his right to a jury trial, and explained

_____

[2] The law is well settled that "[a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005) (*en banc*); ***see also*** Comment to Pa.R.Crim. P. 590(A)(2). The sixth factor was not implicated herein as there was no agreement as to sentence. The oral and written plea colloquies addressed the five remaining areas.

what rights he was giving up by pleading guilty. Appellant acknowledged that he was satisfied with his lawyer, that the facts of his case had been read to him, that the crimes and elements had been explained to him, and that he committed the crimes. He signed the form acknowledging that he understood and that all of his answers were true and correct. Defense counsel, the District Attorney, and the judge certified that Appellant acknowledged his understanding of the guilty plea, and that he was entering it of his own free will.

It has long been the law that omissions or defects in an oral guilty plea colloquy will not render the plea invalid, "if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea"). *Commonwealth v. Eichinger*, 108 A.3d 821, 832 (Pa. 2014) (quoting *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011)). The Commonwealth concedes that the written guilty plea colloquy for No. 11289-13 mistakenly stated that the maximum penalty for PWID was ten years instead of fifteen years imprisonment. However, as the plea court reasoned, and the Commonwealth asserts herein, Appellant cannot establish prejudice by proving that he pled guilty to avoid a sentence that was

five years **less** than the one he actually faced. Commonwealth's brief at 12.[3] Furthermore, although the written colloquy on the fleeing police and tampering with evidence charges initially indicated a maximum sentence of "2" years, it was corrected to reflect a maximum of "9" years imprisonment. While complaining that the new number looked like "29" years, Appellant did not allege that he was misled by the correction.

Finally, Appellant complains that the word "Open" appears on the written colloquy form, but the term is not explained therein. Nonetheless, Appellant does not contend that he did not understand its meaning, or that he entered his guilty plea believing there was a sentencing agreement. We note that the written colloquy forms also indicated that there were no agreements as to sentence. Furthermore, it is clear from the discussions both at the plea hearing and at sentencing that there was no agreement as to sentence.

In addition to the written colloquies, the court conducted an oral colloquy on the record. After Appellant was placed under oath, he verified that he could understand English, that he was not under the influence of drugs

_____

[3] Nor can Appellant satisfy the arguable merit prong of the ineffectiveness test simply by pointing out a mistake that was immaterial. *See Commonwealth v. Barbosa*, 819 A.2d 81, 82 (Pa.Super. 2003) (holding that only if misinformation about the maximum possible sentence was material to defendant's decision to enter a guilty the plea could the plea could be withdrawn); *see also Commonwealth v. Warren*, 84 A.3d 1092, 1096 (Pa.Super. 2014) (suggesting that a guilty plea based on information that the potential maximum sentence is less than what the defendant could actually receive is not a material defect that would permit him to withdraw his plea unless he received a sentence greater than what he was told).

or alcohol, and that he did not suffer from any mental illness. The court advised Appellant that he could have a jury trial, and explained what that would entail. Appellant confirmed that no one had threatened him or promised him anything in return for the pleas. The Commonwealth's attorney summarized the facts underlying the offenses and outlined the Commonwealth's proof. The court asked Appellant how he pled to each offense, and in every instance, he stated "guilty." The court accepted the pleas, and ordered both a presentence investigation and mental health evaluation prior to sentencing.[4]

The amended PCRA petition simply contains no allegation that Appellant was in fact unaware of the elements of the crimes, the maximum penalties, or the fact that his sentence was not negotiated. He did not plead that he entered an unknowing and involuntary plea. Hence, it necessarily follows that Appellant failed to plead and prove that he entered an unknowing or unintelligent plea as a consequence of any ineffectiveness on the part of counsel. No relief is due.

Order affirmed.

---

[4] At sentencing on March 10, 2016, the court questioned Appellant again regarding his ability to understand English, his mental health, and sobriety. In addition, the Commonwealth repeated the factual bases for the pleas, and again ascertained how Appellant wished to plead. Defense counsel discussed the applicable sentencing guidelines and urged the court to enter a below-mitigated-range county sentence with immediate parole.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18